(No. 30904.—

HOSIE R. SAGER *et al.*, Appellants, *vs.* THE CITY OF SILVIS, Appellee.

*Opinion filed January 19, 1949.*

ARNDT & WINGARD, of Rock Island, for appellants.

ROBERT E. LEE, of East Moline, and EAGLE & EAGLE, of Rock Island, for appellee.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

Appellants, members and officers of Silvis Aerie No. 1839 of the Fraternal Order of Eagles, a voluntary association, brought suit in chancery in the circuit court of Rock Island County against appellee, the city of Silvis, the purpose of which was to restrain appellee from enforcing its liquor ordinance of April 18, 1947, and to have that ordinance declared invalid. From orders of the circuit court dismissing the amended complaint, dissolving a temporary injunction theretofore issued and allowing attorney's fees for services in connection therewith this appeal is prosecuted. The trial court certified that the validity of a municipal ordinance is involved and that the public interest requires a direct appeal to the Supreme Court.

The amended complaint filed September 26, 1947, alleges that said aerie operates a buffet in its clubrooms at Silvis,

where it sells malt, vinous and spirituous beverages to its members for consumption upon the premises, and that appellants as officers had charge of said buffet; that on June 19, 1945, appellee enacted an ordinance providing for the issuance of a class B license for $130 per year to clubs which sold liquor to members only; that said aerie was the sole purchaser of a class B license which expired April 30, 1947; that on April 18, 1947, appellee enacted an ordinance amending the former one by abolishing class B licenses and establishing a class A license at $1000 per year for all who sold liquor for consumption on the premises. Appellants allege that the aerie did not procure a class A license, and that the latter ordinance discriminates against it. The amended complaint avers further that the annual revenue in license fees raised by appellee under its ordinance of April 18, 1947, was more than sufficient to pay the salaries of all the appellee's officers and employees and is a revenue measure and a tax, and is therefore unconstitutional and void.

The court had originally issued a temporary injunction restraining the enforcement of the April 18, 1947, ordinance. Motion was made to dissolve this injunction and to dismiss the complaint and for allowance of attorney's fees to appellee for services rendered in an effort to have the injunction dissolved. The court dissolved the injunction, allowed appellee $500 for services of its attorney, and dismissed the complaint for failure to state a cause of action. In its motion to dismiss, appellee contended that the license fee provided for in a municipal liquor ordinance need not be limited to the cost of enforcement as there is no law requiring such limitation, and that the ordinance was not discriminatory.

The errors relied upon for reversal are that the court erred in dismissing the action on the ground that the complaint does not state a cause of action and in awarding the appellee its attorney's fees. The main question for decision

is: May a municipality in Illinois fix its fee for a license to sell intoxicating liquors at retail at an amount which multiplied by the number of licenses issued would produce a sum greater than is needed to cover the cost of regulation and thereby obtain revenue for other purposes?

The complaint alleged that the appellee raised yearly in license fees under the 1947 amendment the sum of $11,560, which is in excess of the cost of operating the police department, that being $6600 annually, and is more than adequate to pay the salaries of all of appellee's employees. These facts are admitted by the motion to dismiss. *Stough v. Brach,* 395 Ill. 544; *Scully v. Hallihan,* 365 Ill. 185.

The power to license, regulate or prohibit the traffic in intoxicating liquors rests in the police power of the State, and the State may delegate it to municipalities if it so desires. The only power a municipality has to regulate the sale of alcoholic beverages is that conferred upon it by the State. (*Walgreen Co. v. Lenane,* 363 Ill. 628; *City of Fairfield v. Pappas,* 362 Ill. 80.) By act adopted January 31, 1934, the legislature adopted the Liquor Control Act, providing for the control of all matters relating to alcoholic liquors, (Ill. Rev. Stat. 1947, chap 43,) and it is under this act that the city's power to license must be found.

Section 1 of article IV of the act provides, "In every city, village or incorporated town, the city council or president and board of trustees, * * * shall have the power by general ordinance or resolution to determine the number, kind and classification of licenses, for sale at retail of alcoholic liquor not inconsistent with this Act and the amount of the local license fees to be paid for the various kinds of licenses to be issued in their political subdivision and the manner of distribution of such fees after their collection; * * * and to establish such further regulations and restrictions upon the issuance of and operation under local licenses not inconsistent with law as the public good and convenience may require." Section 1 of article I

of the same act provides that it shall be liberally construed, to the end that the health, safety and welfare of the people of the State shall be protected and temperance in the consumption of alcoholic liquors shall be fostered and promoted by sound and careful control and regulation of the manufacture, sale and distribution of alcoholic liquors.

It will be noted that by said section 1 of article IV there is no limitation upon the fee which municipalities may charge for a license to sell intoxicating liquors at retail, nor is there any restriction upon the use which a municipality may make of the fees when collected. On the other hand, the section provides specifically that the city may determine the amount of such fees and the manner of their distribution. We find nothing in the entire act which restricts the city in fixing the amount of such license fees, so it must have been the intention of the legislature to delegate the power of the State in that connection to municipalities. Authority for the statement that the charge must bear a reasonable relation to the cost of regulation cannot be found in the statute. Should municipalities abuse the power, the legislature may recall its delegation thereof or modify it in any manner it chooses. There being no statutory limitation upon municipalities as to the amount to be fixed for a retail liquor license, should the courts set a limitation therefor? We believe the amount and control of license fees is for the legislative bodies. We would not hesitate, of course, to prevent a clear abuse of authority in that connection.

In *Great Atlantic and Pacific Tea Co.* v. *Mayor of Danville,* 367 Ill. 310, we upheld an ordinance of the city regulating the sale of alcoholic beverages, and which provided that no retail liquor license should be granted to one whose principal business is the sale at retail of groceries and/or meat products. After stating in that opinion that the city did not have authority to totally prohibit traffic in liquors, we said, "However, when not contrary to the Liquor Con-

trol act or other State law, the Liquor Control statute of this State permits the enactment of ordinances regulating the sale of alcoholic beverages in furtherance of the 'public good and convenience,' and to subserve the 'health, safety and welfare of the people.' * * * The ordinance is a regulatory measure in pursuance of the public good and convenience, 'in the interest of public policy and morals.' * * * If the sale of intoxicating beverages in grocery stores and meat markets is detrimental to the public good, as is determined by the ordinance, it was within the province of the city, on the ground of classification, regulation and restriction, to enact the ordinance."

The charter of East St. Louis, granted in 1869, as shown by *City of East St. Louis* v. *Trustees of Schools,* 102 Ill. 489, gave it power to license, tax, regulate, prohibit and suppress dramshops. It also provided that one half of all the money received in the city treasury from dram-shop licenses collected should be paid over at least quarterly to the school treasurer and by him to the several schools taught in the city. Suit was brought by the treasurer to recover one half of certain moneys which it was conceded were received in the city treasury from the dramshop license collections. Judgment was recovered for said amount and on appeal to this court it was affirmed. We there said, "The State has expressly clothed the city of East St. Louis with power 'to license, * * * prohibit or suppress dram-shops,' and by implication, from other words of the charter, has authorized the city to receive money into the city treasury derived 'from dram-shop licenses.' Such a fund is not required, by any known constitutional requirement, to be applied solely to municipal purposes. The General Assembly had the power to dispose of such a fund for any public use. It might be required to be paid into the State treasury, the county treasury, or applied to the use of schools in any district or place where the General Assembly might think proper to place it." In the present case it will

be seen that the legislature expressly authorized the city to determine "the manner of distribution of such fees after their collection." The State did not seek to control the license fees when collected, as it could have done, but left the distribution thereof to the city, uncontrolled in any manner.

Appellants argue that the rule is a license fee is not lawful and cannot be sustained if it results in a return unreasonably disproportionate to the cost of regulation, and they cite a number of authorities holding that principle. None of them, however, concern license fees for selling intoxicating liquors at retail. They concern such businesses as factory, golf course, restaurant, photographer, employment agency and operation of vehicles. By almost universal authority the rule contended for by appellant does not apply where the license charge is imposed on those occupations which, while they are tolerated, are recognized as being hurtful to public morals, productive of disorder, or injurious to the public, such as the liquor traffic. Some of the cases so holding are *Flyken* v. *City of Minot,* 66 N. D. 251, 264 N.W. 728, *State* v. *Wilson,* 101 Kan. 789, *Schmidt* v. *Indianapolis,* 168 Ind. 631, *Duluth* v. *Krupp,* 46 Minn. 435, and *Teeny* v. *Lenz,* 16 Wis. 566. There seems to be no reported case holding to the contrary:

Under legislative power to license, regulate and prohibit sales of intoxicating liquor a city has been permitted to impose license fees for substantial municipal revenue. (*Dennehy* v. *City of Chicago,* 120 Ill. 627.) While the grant of power in that case was broader than that granted in the present one, there is nothing here calling for a limitation upon the power to fix the license fees and to dispose of them as the city may determine. The State did not reserve that power to itself and consequently it was delegated to the municipalities. Any power the State had to fix license fees for the sale of intoxicating liquor by retail, and any

power it had to use or dispose of those fees when collected, were by the Liquor Control Act of 1934 delegated to municipalities. (*Wiggins Ferry Co.* v. *City of East St. Louis*, 102 Ill. 560, 575.) There is no claim that the State could not do what the city of Silvis is doing under its 1947 ordinance. Unless and until the legislature sees fit to limit the authority it has granted in this connection to municipalities by the act in question, we shall not attempt to abridge that authority when exercised within proper discretion.

The city of Silvis is in or near a thickly populated area. The aerie alone has a membership of over 400. Friends of the members are often entertained at the club. Considering the size of the city and the number of retail liquor licenses issued it would seem that the aerie serves or has the opportunity to serve as many purchasers of alcoholic drinks as any other person or organization licensed for that purpose in the city. We cannot see any discrimination against it over others similarly situated.

It is argued that the court erred in allowing attorney's fees to appellee in having the injunction dissolved. The objection is not to the reasonableness of the fee but it is said that the dissolution of the injunction was merely incidental to the main defense of the suit. We do not share that view with appellants. The license fee could not be collected so long as the injunction remained effective. Questions of equitable jurisdiction and the right to issue the injunction were involved. In our opinion there was no abuse of the court's discretion in allowing this fee.

The ordinance of the city of Silvis of April 18, 1947, in our opinion is valid as being within the powers delegated by the legislature in the Liquor Control Act of 1934. There has been no infringement upon the constitutional rights of appellants and the trial court has committed no error in its rulings. Its orders will therefore be affirmed.

*Orders affirmed.*