(No. 32683.-)

Clyde Henson *et al.*, Appellants, *vs.* The City of Chicago *et al.*, Appellees.

*Opinion filed September 24, 1953.*

JOSEPH S. SNOWDEN, of Chicago, (WILLIAM R. MING, JR., of counsel,) for appellants.

JOHN J. MORTIMER, Corporation Counsel, of Chicago, (L. LOUIS KARTON, CHARLES P. HORAN, and HARRY H. POLLACK, of counsel,) for appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Appellants, hereinafter to be referred to as plaintiffs, are retail liquor licensees and female employees of such licensees. Plaintiffs appeal here from an order of the superior court of Cook County granting the motion of defendants below and dismissing the suit to restrain the enforcement of an ordinance of the city of Chicago prohibiting women, other than licensees or the mother, daughter, wife or sister of a licensee from being employed as bartenders. The constitutionality of a municipal ordinance being involved, the appeal comes here directly.

In 1941 the General Assembly amended section 1 of article IV of the Liquor Control Act to provide in part that: "In every city, village, or incorporated town, the city council or president and board of trustees * * * shall have the power by general ordinance or resolution

\* \* \* to prohibit any woman or minor, other than a licensee or the wife of a licensee, from drawing, pouring or mixing any alcoholic liquor as an employee of any retail licensee; \* \* \* and to establish such further regulations and restrictions upon the issuance of and operation under local licenses not inconsistent with law as the public good and convenience may require; \* \* \*." Ill. Rev. Stat. 1951, chap. 43, par. 110.

Subsequently, on January 30, 1952, the city council of the city of Chicago amended its ordinances as follows:

"*Be It Ordained by the City Council of the City of Chicago:*

"Section 1. Section 147-15 of the Municipal Code of Chicago is amended to read as follows:

"147-15. Employment of females.) It shall be unlawful for any licensee, his manager, or other person in charge of any licensed premises where alcoholic liquor is sold or offered for sale for consumption thereon to engage, employ or permit the engagement or employment of any female person other than the licensee or the mother, daughter, wife or sister of the licensee to draw, pour or mix any alcoholic liquor, nor shall any other female be permitted to remain on said premises, who shall solicit any patron or customer thereof to purchase alcoholic or non-alcoholic liquor for her, himself, or any other person therein; provided, however, that nothing herein contained shall prohibit any adult manageress or waitress who shall be regularly employed therein from accepting and serving the order of a patron or customer in the regular course of her employment as such manageress or waitress.

"Section 2. This ordinance shall be in force and effect from and after its passage and publication."

It was thereafter provided that any person violating the above provision shall be fined not more than two hundred dollars for each offense, every day that the violation continues constituting a separate and distinct offense.

When enforcement of the Chicago ordinance was threatened, these plaintiffs instituted a suit in the superior court of Cook County against the city of Chicago, the mayor, the commissioner of police and others to restrain its enforcement. Plaintiffs alleged that the purpose of the amendment is to enable male bartenders to monopolize the trade and calling of drawing, pouring and mixing alcoholic liquors on licensed premises where alcoholic liquor is sold or offered for sale for consumption. They also asserted that the limitations on, and interference with, the business of selling alcoholic liquors at retail are so arbitrary and unreasonable as to be in violation of, and repugnant to, sections 1, 2, and 13 of article II, and section 22 of article IV of the constitution of the State of Illinois, section 1 of article IV of the Liquor Control Act, and the fourteenth amendment to the constitution of the United States. These assertions are based on the contention that the city of Chicago lacked authority to so regulate the business of the plaintiffs, that the contested ordinance deprives the plaintiffs of liberty and property without due process of law and denies them equal protection of the laws of Illinois, and, moreover, that if section 1 of article IV of the Liquor Control Act does so authorize the city, the said section 1 is itself likewise arbitrary and unreasonable for the same reasons. Finally, plaintiffs contend the ordinance is so vague, indefinite and uncertain as to be incapable of precise application.

Plaintiffs moved for a temporary injunction and defendants moved to strike the amended complaint and to dismiss the suit. The superior court granted the motion to dismiss.

On this appeal it is first contended by plaintiffs that the city of Chicago had no authority to adopt this ordinance. It is asserted that the city council did not do what the legislature had authorized, in that the legislature had directed that if women were prohibited from "drawing, pouring,

and mixing alcoholic liquors" only licensees or wives of licensees were to be exempted. The council, however, exempted mothers, daughters and sisters as well as the wives of licensees, and, in addition, plaintiffs assert, provided that adult manageresses and waitresses may be employed to draw, pour and mix.

It is undisputed that the power to license, regulate or prohibit the traffic in intoxicating liquors rests in the police power of the State, and the State may delegate it to municipalities if it so desires. The only power a municipality has to regulate the sale of alcoholic beverages is that conferred upon it by the State. (*Sager* v. *City of Silvis*, 402 Ill. 262.) Section 1 of article IV of the Liquor Control Act merely states that any and all women may be prohibited from "drawing, pouring, or mixing" alcoholic liquors except licensees and wives of licensees. That constitutes the limits restricting the actions of the city council in passing such an ordinance. Section 1 of article I of the Liquor Control Act (Ill. Rev. Stat. 1951, chap. 43, par. 94,) provides that: "This Act shall be liberally construed, to the end that the health, safety and welfare of the People of the State of Illinois shall be protected and temperance in the consumption of alcoholic liquors shall be fostered and promoted by sound and careful control and regulation of the manufacture, sale and distribution of alcoholic liquors."

In line with this admonishment in the act itself, it is obvious that the language with which we are concerned directed merely that of all women, licensees and wives of licensees could not in any case be prohibited from "drawing, pouring, or mixing" alcoholic liquors. That act does not direct that only licensees and wives of licensees may be excused from the prohibition. Authority is deposited with the city council in the enactment of an ordinance pursuant thereto, to exclude any other women it may see fit to exclude under that part of the act giving it the right to "establish such further regulations and restrictions upon

the issuance of and operation under local licenses not inconsistent with law as the public good and convenience may require." The act merely sets the most extreme limits to which the council may go in enacting an ordinance pursuant to the legislative authorization. We have previously held that authority for the passage of an ordinance need not be wholly derived from a single grant of power by the legislature but may be derived from several different grants of power. *Father Basil's Lodge, Inc.* v. *City of Chicago,* 393 Ill. 246.

The ordinance does not, as plaintiffs contend, permit adult manageresses and waitresses to draw, pour and mix alcoholic liquors but merely authorizes them to accept and serve the order of a patron or customer. The very language of the ordinance draws a difference between "drawing, pouring or mixing" and "accepting and serving an order." Obviously, "accepting and serving an order" is merely receiving the request of a customer and placing the requested article before him. Such an enactment is authorized by the grant of power to regulate and restrict the issuance and operation under local licenses.

The second issue raised by plaintiffs is that this municipal ordinance deprives them of their liberty and property without due process of law in that they are deprived of freedom of contract and the right to work at a trade or occupation of their own choosing. The constitutions of Illinois and of the United States expressly prohibit governmental action which deprives any person of his life, liberty or property without due process of law. Const. Illinois, art. II, sec. 2; Const. of the United States, 14th amendment.

It is axiomatic that an ordinance passed in pursuance of competent statutory authority is presumptively valid. (*Kinney* v. *City of Joliet,* 411 Ill. 289.) The power of the judiciary in determining the constitutionality of laws or ordinances is limited to deciding whether or not the law

is within the scope of the constitutional powers of the legislative department. (*Great Atlantic and Pacific Tea Co. v. Mayor of Danville,* 367 Ill. 310.) It is well settled that the legislature may, in the exercise of the police power of the State, enact those measures which have a tendency to promote the public comfort, health, safety, morals or welfare of society. In the exercise of this power the legislature may enact laws regulating, restraining or prohibiting anything harmful to the welfare of the people, even though such regulation, restraint or prohibition interferes with the liberty or property of an individual. Neither the fourteenth amendment to the Federal constitution nor any provision of the constitution of this State was designed to interfere with the police power to enact and enforce laws for the protection of the health, peace, morals or general welfare of the people. (*Zelney v. Murphy,* 387 Ill. 492.) If it is claimed the statute is referable to the police power, the court must be able to see that it tends, in some degree, toward the prevention of offenses or the preservation of the public health, morals, safety or welfare. It must be apparent that there is some connection between the provision of the law and such purpose. If it is manifest that the statute has no such object, but, under the guise of a police regulation, is an invasion of the property rights of an individual, it is the duty of the courts to declare it void. *Metropolitan Trust Co. v. Jones,* 384 Ill. 248.

Statutes prohibiting the employment of females as barmaids or in any other capacity in establishments where alcoholic liquors were sold for consumption have quite generally been held valid enactments under the police power as tending to safeguard the morals of such females and in some cases of the customers. (See 172 A.L.R. 620.) We may assume that the legislature in passing the enabling act and the council in enacting this ordinance concluded that women generally should not be allowed to draw, pour or mix alocoholic liquors in a place where alcoholic liquor

is sold for consumption on the premises, in the promotion and protection of the good morals of the women or of the public. Such intent being attributed to the act and ordinance passed pursuant thereto, a valid exercise of the police power is apparent, and no constitutional rights of liberty and property are thereby infringed, for the reasons assigned above.

Plaintiffs next contend that females who are not licensees, or the mother, daughter, wife or sister of a licensee, are not afforded equal protection of the law in being denied employment as bartenders, especially where women are also employed as manageresses and waitresses. In *Goesaert* v. *Cleary*, 335 U.S. 464, the Supreme Court of the United States had before it the constitutionality of a Michigan statute which prohibited women from being licensed as bartenders except such women as were wives or daughters of male owners of liquor establishments. The court there said: "Since bartending by women may, in the allowable legislative judgment, give rise to moral and social problems against which it may devise preventive measures, the legislature need not go to the full length of prohibition if it believes that as to a defined group of females other factors are operating which either eliminate or reduce the moral and social problems otherwise calling for prohibition. Michigan evidently believes that the oversight assured through ownership of a bar by a barmaid's husband or father minimizes hazards that may confront a barmaid without such protecting oversight. This Court is certaintly not in a position to gain-say such belief by the Michigan legislature. If it is entertainable, as we think it is, Michigan has not violated its duty to afford equal protection of the laws." The court then stated that it could in no manner profess to cross-examine the minds of the legislators who passed such an act, nor question their motives. It was held that since the line drawn was not without reason, the court must refuse to listen to any suggestion that the real impulse

behind the legislation was an unchivalrous desire of male bartenders to monopolize the calling.

The opinion further held that it was not unconstitutional to withdraw women from bartending while allowing women to serve as waitresses where liquor is dispensed, and approved the reasons set forth in *Goesaert* v. *Cleary*, 74 Fed. Supp. 735. There the court concluded that the legislature may have reasoned that a graver responsibility attaches to the bartender who has control of the liquor supply than to the waitress who merely receives prepared orders of liquor from the bartender for service at a table, and determined that the presence of female waitresses does not constitute a serious social ·problem where a male bartender is in charge of the premises, or where a male licensee bears the ultimate responsibility for the operation therein.

The council may have deemed it necessary to have a male or a female relative control and be responsible for the supply of liquor, since it is the improper dispensing thereof which tends to lead to the lowering of moral standards, especially when tempted by the presence of women who dispense the same while unsupervised, except as a mere employee. Licensees, whether male or female, would have a special interest in obtaining the help of their family in the conduct of the business, and would enjoy a control over their own families conducive to good morals. Such licensees would tend to conduct moral, law-abiding establishments and avoid practice inimical to their own welfare and that of their family. They would naturally exercise careful supervision over the members of their family responsible for the liquor supply. It is highly unlikely that members of the family would so conduct themselves as to jeopardize the family investment. The council obviously considered it unnecessary to prohibit waitresses from performing the routine tasks of bringing food and drinks to customers at tables. This constitutes a reasonable exercise of the city's power to regulate the liquor traffic. When the power to act

is vested in the legislative department and the means it chooses are reasonably calculated to subserve the exercise of the power, courts will not inquire whether the legislature, in delegating the power, or the subordinate legislative body selected to exercise it, acted wisely or not, and such action cannot be set aside by the court on the ground that it is unreasonable, as it is not the province of the court to pass on the reasonableness of an act of the General Assembly. *Great Atlantic and Pacific Tea Co.* v. *Mayor of Danville,* 367 Ill. 310.

Plaintiffs argue as their fourth point that this ordinance enacted pursuant to a grant of power from the General Assembly violates section 22 of article IV which reads: "The general assembly shall not pass local or special laws in any of the following enumerated cases, that is to say: for * * * granting to any corporation, association or individual any special or exclusive privilege, immunity or franchise whatever."

Plaintiffs assert that this ordinance grants a monopoly to male bartenders, while providing exemptions to the immediate female relatives of the licensee and to waitresses and manageresses. We have above pointed out that the plaintiffs are clearly mistaken in assuming the waitresses and manageresses are permitted to draw, pour or mix alcoholic liquors. It is fundamental that the legislature, or its delegated subordinate body, may, under its police power, adopt classifications of persons or things based upon reasonable distinctions. (*Josma* v. *Western Steel Car and Foundry Co.* 249 Ill. 508; *People* v. *Monroe,* 349 Ill. 270.) This asserted provision of our State constitution supplements the equal-protection clause of the fourteenth amendment to the Federal constitution and prevents the enlargement of the rights of one or more persons in discrimination against the rights of others. Laws are not special or class legislation because they affect one class and not another,

provided they affect all members of the same class alike. If the classification of persons for purposes of legislative regulation is based upon some substantial difference bearing proper relation to the classification, and is not arbitrary or capricious, the statute does not violate this constitutional provision. (*Schuman* v. *Chicago Transit Authority,* 407 Ill. 313.) It has been amply demonstrated above that a substantial difference exists between licensees and the mother, daughter, wife or sister of a licensee and other women when acting as bartenders. The classification is reasonable and not arbitrary, being grounded upon a proper and judicious control of the liquor supply which the legislature and the city council, in their wisdom, have determined should be controlled by a male bartender or a woman of the exempted class in the furtherance of the morals and welfare of society. The ordinance affects all those in the same class in exactly the same manner. Here, a specifically defined class is excluded from a particular employment unless it is so situated as to be assured certain necessary supervision and protection, in the paramount interests of public morals and welfare. It is thus seen that this ordinance, enacted pursuant to powers delegated by the General Assembly, does not constitute a violation of section 22 of article IV of our State constitution.

Plaintiffs assert finally that the ordinance is so vague and indefinite as to fail to meet the requirements of due process of law, in that the statute does not make clear whether waitresses and manageresses are prohibited from "drawing, pouring or mixing" alcoholic liquors. We have demonstrated above that the use of the different language describing the permissible duties of waitresses and manageresses indicates their permissible duty is merely to accept orders and carry food and drink to customers at places other than the bar. (See, *Goesaert* v. *Cleary.*) This contention is of so little merit as to prohibit further dis-

cussion. Certainly, no constitutional question of due process arises from the language employed, as no vagueness or indefiniteness is apparent.

The ordinance and statute are not susceptible to the constitutional attacks here leveled against them, and the ordinance is completely within the authority granted by the General Assembly. No violation of the State or Federal constitutions being apparent from this review, and the ordinance being otherwise valid, the order of the superior court of Cook County dismissing the plaintiffs' suit is affirmed.

*Order affirmed.*