(No. 37152.)

GEORGE HEIDENREICH *et al.*, Appellees, *vs.* PAUL J. RONSKE *et al.*, Appellants.

*Opinion filed November 30, 1962.*

WILLIAM J. BAUER, State's Attorney, of Wheaton (WILLIAM V. HOPF and JAMES E. FITZGERALD, Assistant State's Attorneys, of Wheaton, of counsel,) for appellants.

HALFPENNY, HAHN & RYAN, of Chicago, (JAMES F. FLANAGAN and MARY M. SHAW, of counsel,) for appellees.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

This case involves the constitutionality of certain provisions of the Du Page County local liquor control ordinance requiring the licensing of bartenders in certain retail liquor establishments.

Plaintiffs are holders of retail liquor licenses, a wife of one of the licensees, and an employed bartender. They filed a complaint for declaratory judgment against the defendants, the local liquor commissioner and the sheriff of Du Page County, seeking a declaration that certain parts of the liquor control resolution of May 16, 1961, are unconstitutional. Defendants answered denying the allegations of unconstitutionality, and plaintiffs moved for a summary judgment. After a hearing the trial court entered an order decreeing *inter alia* that article VI and article V, section 8,

of the Du Page County resolution, relating to the licensing of bartenders, are invalid. From this part of the decree, defendants have appealed to this court, a constitutional question being directly involved.

Plaintiffs' theory is that the Du Page resolution is invalid in that the county had no power to adopt it; that it is contrary to the laws of the State of Illinois; and that it constitutes a grant of special privileges and immunities contrary to the constitutions of both the United States and the State of Illinois. Defendants contend that the county of Du Page by its resolution properly exercised an implied power to license bartenders, incidental to their power expressly delegated by the Illinois Liquor Control Act, and that the present licensing provisions in no way violate plaintiffs' constitutional rights.

We must first determine if the county board was given the power to license bartenders in the absence of any constitutional inhibitions. It is clear that a county is a mere creature of the State and can exercise only the powers expressly delegated by the legislature or those that arise from necessary implication from expressly granted powers. *Arms v. City of Chicago,* 314 Ill. 316; *Marsh v. People,* 226 Ill. 464.

Defendants concede that the authority of the county to license bartenders must come by implication from the express authority granted a county board in article IV of the Illinois Liquor Control Act. (Ill. Rev. Stat. 1959, chap. 43, par. 110.) The material part of that statute provides as follows:

"In every city, village or incorporated town, the city council or president and board of trustees, and in counties in respect of territory outside the limits of any such city, village or incorporated town the county board shall have the power by general ordinance or resolution to determine the number, kind and classification of licenses, for sale at retail of alcoholic liquor not in-

consistent with this Act and the amount of the local licensee fees to be paid for the various kinds of licenses to be issued in their political subdivision, except those issued to the specific non-beverage users exempt from payment of license fees under Section 4 of Article V thereof which shall be issued without payment of any local license fees, and the manner of distribution of such fees after their collection; to prohibit any woman or minor, other than a licensee or the wife of a licensee, from drawing, pouring, or mixing any alcoholic liquor as an employee of any retail licensee; and to prohibit any minor from at any time attending any bar and from drawing, pouring or mixing any alcoholic liquor in any licensed retail premises; and to establish such further regulations and restrictions upon the issuance of and operations under local licenses not inconsistent with law as the public good and convenience may require; and to provide penalties for the violation of regulations and restrictions, including those made by county boards, relative to operation under local licenses; provided, however, that in the exercise of any of the powers granted in this section, the issuance of such licenses shall not be prohibited except for reasons specifically enumerated in Sections 2, 8, 8a and 21 of Article VI of this Act."

Purportedly pursuant to said statute, the county board of Du Page County, on May 16, 1961, adopted a comprehensive liquor control resolution by which it established five classes of licenses for the sale of liquor at retail. Class A licenses permit the sale of liquor at retail for consumption on or off the licensed premises. Class C licenses are required for each additional bar of a Class A licensee. The special Class E licenses permit the sale of liquor at retail by nonprofit organizations of national scope.

Article VI of the resolution sets up a complete system for licensing all bartenders in order to permit them to be employed on or about Class A or C licensed premises. Sec-

tion 8 of article V prohibits Class A and C licenseées from employing unlicensed bartenders. Neither provisions are applicable to Class E licenses.

The county argues that the delegation of a power to regulate includes the power to license. In support of this view they cite *Concrete Contractors' Ass'n of Greater Chicago* v. *Village of La Grange Park*, 14 Ill.2d 65, where it was held that a village ordinance providing for the licensing of concrete contractors was valid as being reasonably necessary to make effective the regulations contained in ordinances dealing with the construction of buildings and sidewalks.

The test of the validity of licensing ordinances established by the *Concrete Contractors* case is whether or not the licensing provision was reasonably necessary to make effective the exercise of the admitted powers of the municipality. In the case at bar the issue narrows to whether or not an ordinance licensing bartenders is reasonably necessary to make effective the specifically delegated power to license retail liquor establishments, and "to establish such further regulations and restrictions upon the issuance of and operations under local licenses not inconsistent with law as the public good and convenience may require."

From an examination of the Illinois Liquor Control Act, it is apparent that its purpose is to regulate the liquor traffic by controlling the owner or operator of a retail liquor establishment, by licensing and regulation. By this act, counties are specifically given the power to license retail liquor establishments in order to effectuate the power to regulate. The comprehensive grant of power in the Liquor Control Act is far different in scope than the general grant of the power to cities and villages over sidewalks, streets and buildings relied on in *Concrete Contractors' Ass'n of Greater Chicago* v. *Village of La Grange Park*, 14 Ill.2d 65. There the legislature had left open the permissible methods by which the villages could effectuate their granted power. Under the

Liquor Control Act, however, the legislature granted the power to regulate and also prescribed the method of licensing by which such regulation might be effectuated. It is significant that the legislature also limited the implied power of the municipality by providing that "the issuance of such licenses shall not be prohibited except for reasons specifically enumerated in Sections 2, 8, 8a and 21 of Article VI of this Act."

The legislature also, in the same act, gave municipalities the specific power to prohibit women and minors, other than a licensee or wife of a licensee, from drawing, pouring or mixing alcoholic liquor in licensed premises.

We have repeatedly said that the sole power a municipality has to regulate the sale of alcoholic beverages is that conferred upon it by the State. (*Henson* v. *City of Chicago*, 415 Ill. 564, 569; *Sager* v. *City of Silvis*, 402 Ill. 262, 265.) In Illinois, the Liquor Control Act provides for the control of all matters relating to alcoholic liquors, and the sole power of an Illinois municipality over the liquor traffic must be found within the ambit of its provisions. *Sager* v. *City of Silvis*, 402 Ill. 262, 265.

Because of the comprehensive nature of the licensing powers, and the specific powers of prohibition granted by the act, we cannot say that the licensing of bartenders is reasonably necessary to effectuate the specifically granted powers of the municipality. We believe that this view is borne out by the legislative prohibition on the power of a municipality to refuse the issuance of licenses for any reason not specifically enumerated in the act. We are therefore of the opinion that the county board was without the power to enact the provisions of the local liquor control ordinance relating to the licensing of bartenders.

The county earnestly insists that the role of a bartender is a sensitive one, and the State has a valid interest in licensing such an occupation. It is a complete answer to this argument that the State has not seen fit to either license

bartenders, or to delegate this power to the county. This ultimate determination is for the General Assembly and not for the county board, nor this court.

Since we have determined that the State has not delegated to the county, either expressly or by necessary implication, the power to license bartenders, it is unnecessary to consider the constitutional objections raised by the plaintiffs. Because of our foregoing conclusions the judgment of the circuit court of Du Page County is affirmed.

*Judgment affirmed.*