STEPHEN-THOMAS HOFFMANN ENTERPRISES, INC., Plaintiff-Appellee, *v.* ILLINOIS LIQUOR CONTROL COMMISSION, Defendant-Appellant.

First District (3rd Division)   No. 63022

Opinion filed December 16, 1976.

William J. Scott, Attorney General, of Chicago (Paul V. Esposito, Assistant Attorney General, of counsel), for appellant.

Morton Siegel and Allan Goldberg, both of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiff, Stephen-Thomas Hoffmann Enterprises, Inc., hold both local and State retailer's licenses for the operation of a retail liquor store, Eastgate Liquor Mart, located in the Eastgate Shopping Center in Carbondale, Illinois. On October 12, 1973, defendant Illinois Liquor Control Commission (hereinafter referred to as Commission) served plaintiff with a citation and notice of hearing instructing plaintiff that it must appear before the Commission and show cause why its State retailer's liquor license should not be revoked.

After a hearing, the Commission entered an order suspending plaintiff's State retailer's liquor license for one day. After its petition for rehearing was denied by the Commission, plaintiff filed an action for administrative review in the circuit court of Cook County. The circuit court reversed the decision of the Commission and defendant Commission now appeals from that order.

On appeal the defendant Commission contends that the trial court erred in reversing the Commission's decision to suspend plaintiff's license for one day for the following reasons: (1) the Commission has original jurisdiction over plaintiff to suspend its retailer's liquor license; (2) the Commission is not estopped by the action of the local commissioner from

revoking plaintiff's State retailer's liquor license; and (3) the decision of the Commission is supported by the evidence and is not arbitrary or unfair.

We reverse.

The citation and notice of hearing issued by the Commission stated, in pertinent part, that on October 5, 1973 plaintiff sold alcoholic liquor away from its licensed premises in violation of section 1(d) of article V of the Liquor Control Act (Ill. Rev. Stat. 1971, ch. 43, par. 115(d)) and Rule 1(g) of the Rules and Regulations adopted by the Liquor Control Commission.[1]

At the hearing held before the Commission on November 16, 1973, plaintiff stipulated that if the Commission's complaining witness were called he would testify to the facts as set forth in the citation. Plaintiff also introduced into evidence a letter from the local commissioner of Carbondale which indicated plaintiff had obtained the following permission: "to sell beer from a truck parked in front of the Eastgate Liquor Mart, on the Eastgate Parking Lot, Friday and Saturday, July 27 and 28, 1973, for the Merchants' Sidewalk Sale Days."

The Commission found that plaintiff had sold liquor outside its licensed premises on October 5, 1973, and in so doing violated section 1(d) of article V of the Liquor Control Act and Rule 1(g) of the Rules and Regulations of the Commission. The Commission ordered that plaintiff's State retailer's license be suspended for one day.

After the Commission denied plaintiff's petition for rehearing, plaintiff filed a complaint in the circuit court of Cook County for administrative review. After granting plaintiff a stay of the Commission's decision and after a hearing, the trial court reversed the decision of the Commission. The trial court ruled that the local liquor commission was the "primary authority" and that the Commission was estopped by the actions of the local liquor commission. It is from the above order of the trial court that the Commission now appeals.

The Commission first argues that it has original jurisdiction over plaintiff to suspend its State retailer's liquor license. Plaintiff concedes this

---

[1] Section 1(d) of article V of the Liquor Control Act provides as follows:

"A retailer's license shall allow the licensee to sell and offer for sale at retail, only in the premises specified in such license, alcoholic liquor for use or consumption, but not for resale in any form: Provided that any retail license issued to a manufacturer shall only permit such manufacturer to sell beer at retail on the premises actually occupied by such manufacturer."

Rule 1(g) of the Rules and Regulations of the Illinois Liquor Control Commission reads as follows:

" 'Premises' or 'Place of Business' means the place or location where alcoholic beverages are manufactured, stored, displayed, offered for sale or where drinks containing alcoholic beverages are mixed, concocted and served for consumption. Not included are sidewalks, streets, parking areas and grounds adjacent to any such place or location."

point and it is further well settled that the Commission has such original jurisdiction. See *Pliakos v. Liquor Control Com.* (1957), 11 Ill. 2d 456, 143 N.E.2d 47.

The Commission next argues that it is not estopped by the actions of the local commissioner from revoking plaintiff's State retailer's liquor license. Plaintiff counters that defendant has placed a narrow interpretation on the trial court's use of the term "estopped." Plaintiff contends that the courts have repeatedly taken the position that local liquor control commissioners are in the best position to issue local licenses. (See *Henson v. City of Chicago* (1953), 415 Ill. 564, 114 N.E.2d 778; *Sager v. City of Silvis* (1949), 402 Ill. 262, 83 N.E.2d 683; and *Daley v. License Appeal Com.* (1956), 11 Ill. App. 2d 421, 138 N.E.2d 73.) Plaintiff further contends that its sale of beer from a truck in the parking lot of the Eastgate Shopping Center was within the area specified in the license granted by the local commissioner of Carbondale. With these contentions we have no quarrel. However, we conclude that the Commission is not estopped from suspending plaintiff's State retailer's liquor license by any actions of the local commissioner. It is clear that the license granted by the local commission allowed plaintiff "to sell beer from a truck parked in front of the Eastgate Liquor Mart, on the Eastgate Parking Lot *Friday and Saturday, July 27 and 28, 1973*, for the Merchants' Sidewalk Sale Days." It is further clear that plaintiff sold beer from a truck in the parking lot adjacent to his premises on October 5, 1973, a day not mentioned in the license issued by the local commissioner and the day mentioned in the citation issued by the Commission. Plaintiff argues, however, that promotions of this type are a regular practice on weekends in shopping centers, that the local commissioner was obviously familiar with this practice, and then concludes that it was not necessary to obtain approval each and every time a sidewalk sale was conducted. In light of the specific language of the license issued by the local commissioner which granted permission for only July 27 and 28, it is apparent that the local commissioner never granted permission for the sale on October 5, 1973. Since plaintiff never obtained a license from the local commissioner pertaining to the sale of beer from a truck in a parking lot for October 5, 1973, the issue of estoppel is not before us.

Section 1(d) of Article V of the Liquor Control Act allows the licensee to sell alcoholic liquor at retail only in the premises specified in such license. Rule 1(g) of the Rules and Regulations of the Illinois Liquor Control Commission specifically excludes parking areas from the definition of premises. The stipulated facts indicate that on October 5, 1973, plaintiff sold beer from a truck parked in a parking lot adjacent to his premises, a sale not permitted by the above statute and regulation. Furthermore, the above sale on October 5, 1973, was not sanctioned by

the license issued plaintiff by the local commissioner. The clear wording of the local license authorized such sale only on July 27 and 28, 1973.

For the above reasons, we reverse the order of the Circuit Court of Cook County.

Order reversed.

McNAMARA, P. J., and MEJDA, J., concur.