ARVIN RADCLIFF, Plaintiff-Appellant, v. THE CITY OF BERWYN, Defendant-Appellee

First District (1st Division) No. 83—1746

Opinion filed November 26, 1984.

William J. McGrath, of Hickory Hills, for appellant.

Russell W. Hartigan, City Attorney, of Berwyn, for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, Arvin Radcliff, appeals from an order entered July 15, 1983, upholding the constitutionality of the city of Berwyn ordinance, section 6—12(1—b), which regulates the off-street parking of motor vehicles. Plaintiff was arrested on May 1, 1982, for violation of the ordinance. Following his arrest, plaintiff filed a complaint for injunctive relief on September 9, 1982, which action is the subject of this appeal. His complaint charged that the ordinance at issue was an unconstitutional attempt to control and regulate the parking of vehicles on private property. The quasi-criminal proceedings against plaintiff have been held in abeyance pending the disposition of this appeal.

Plaintiff had purchased old cars and parked them in his driveway. The driveway is immediately adjacent to his home and extends from the sidewalk in front of the house all the way to the rear of the home. At the hearing in this matter held on July 15, 1983, photographs were

produced which showed at least seven inoperative vehicles on plaintiff's driveway.

Plaintiff, in his brief, has attempted a broad constitutional attack on the city of Berwyn ordinance, section 6—12(1—b), by arguing it is too vague. The cases cited by plaintiff, however, stand for general propositions of law, and the argument section of his brief does not readily demonstrate the relationship between the cases cited and the order appealed from. At the outset, we note that a court of review is not required to search the record to find a reason for reversing the judgment of the trial court. *Husted v. Thompson-Hayward Chemical Co.* (1965), 62 Ill. App. 2d 287, 296, 210 N.E.2d 614, 619; *In re Petition to Annex Certain Territory to Village of Willowbrook* (1963), 42 Ill. App. 2d 432, 435, 192 N.E.2d 553, 555.

We construe plaintiff's arguments generally to be that the ordinance in question fails to meet the minimal standards for constitutionality since it does not provide appropriate standards and guidelines and is an unlawful extension of municipal authority upon the use of private land. In construction of ordinances, the same rules are applied as those which govern the construction of statutes. (*Village of Park Forest v. Wojciechowski* (1963), 29 Ill. 2d 435, 437, 194 N.E.2d 346, 348.) The test is whether the ordinance is clear enough to "convey sufficient definite warning as to proscribed conduct when measured by common understanding and practices." (*Laurence v. City of Chicago* (1969), 42 Ill. 2d 461, 464, 248 N.E.2d 71, 73, *appeal dismissed* (1969), 396 U.S. 39, 24 L. Ed. 2d 208, 90 S. Ct. 263.) The ordinance at issue provides, in pertinent part:

> "WHEREAS, the storage and parking (of) vehicles on open private land in the city in violation of that ordinance contributes to unhealthful and unsanitary conditions thereon,
>
> THEREFORE, be it ordained by the City Council of the City of Berwyn, Illinois,
>
> * * *
>
> 3. It shall be unlawful to park or store any inoperable, junk vehicle, or relic, vintage, or antique vehicle not regularly used for transportation upon private land." Berwyn City Ordinance, sec. 6—12(1—b)(1966).

■ We believe the proscribed conduct is sufficiently articulated in the ordinance. It prohibits the parking of inoperable vehicles not regularly used for transportation upon open private land. The term "open private land" is defined in the body of the ordinance as "an area of land not enclosed by a garage or carport." The ordinance further provides for penalties by a "fine not to exceed $200.00 for each offense."

Plaintiff has failed to allege any specific grounds for holding the ordinance constitutionally deficient. We find this plain language constitutes sufficient notice to potential violators to survive defendant's charge that the terms of the ordinance are too vague.

The Illinois Municipal Code grants to a municipality the power to enact any ordinance it deems necessary for the promotion of health or the suppression of disease. (Ill. Rev. Stat. 1981, ch. 24, pars. 1—2—1, 11—20—5.) In addition, a municipality may "define, prevent and abate nuisances" (Ill. Rev. Stat. 1981, ch. 24, par. 11—60—2) and may "pass and enforce all necessary police ordinances" (Ill. Rev. Stat. 1981, ch. 24, par. 11—1—1). We find that the city of Berwyn had the power to prohibit the keeping, storing and maintaining of motor vehicles not in an operable condition on private property, unless the premises were a properly licensed junkyard and complied with all of the ordinances of the city governing such facilities. The unsightly nature of most inoperable equipment and the attractiveness of such unkempt areas to rats and vermin are well known. The ordinance before us was unquestionably enacted for the purpose of promoting the health and protecting the safety of the members of the community. We note that the comparable State statute allows a municipality to remove inoperable vehicles on either public or private property. See Ill. Rev. Stat. 1981, ch. 24, section 11—40—3.

■ Since competent authority exists for the passage of this ordinance, "the presumption is always in favor of its validity." (*City of Ottawa v. Brown* (1939), 372 Ill. 468, 471, 24 N.E.2d 363, 365; *Henson v. City of Chicago* (1953), 415 Ill. 564, 114 N.E.2d 778.) This cloak of presumptive validity is especially strong here, since the policy of this State is to favor legislation designed to preserve the public health and safety. (*Greyhound Lines, Inc. v. City of Chicago* (1974), 24 Ill. App. 3d 718, 321 N.E.2d 293.) We hold, therefore, that the city of Berwyn did have the power to enact the ordinance and that it was applicable to plaintiff in its operative effect.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McGLOON and O'CONNOR, JJ., concur.