Carolyn S. McCRIMMON et al., Plaintiffs-Appellants,

v.

Richard J. DALEY, Mayor and Local Liquor Control Commissioner of the City of Chicago, James Conlisk, Raymond Simon and William G. Clark, Defendants-Appellees.

No. 17397.

United States Court of Appeals
Seventh Circuit.

Oct. 28, 1969.

Ellis E. Reid, Chicago, Ill., for plaintiffs-appellants.

Stanley A. Bass, Chicago, Ill., amicus curiae.

Raymond F. Simon, Marvin E. Aspen, Edmund Hatfield, William J. Scott, Atty. Gen. of the State of Illinois, Chicago, Ill., for William J. Scott; Francis T. Crowe, Herman R. Tavins, Asst. Atty. Gen., of counsel.

Before CASTLE, Chief Judge, HASTINGS, Senior Circuit Judge, and KILEY, Circuit Judge.

HASTINGS, Senior Circuit Judge.

Plaintiffs brought this class action pursuant to Rule 23(a), Federal Rules of Civil Procedure, Title 28 U.S.C.A.[1] They thereby sought a declaration that Chapter 147–15 of the Ordinances of the City of Chicago [2] and its enabling legislation, Ill.Rev.Stats., Ch. 43, Sec. 110–111,[3] be held unconstitutional and further sought injunctive and other relief, all as hereinafter set out.

The Bar Maid Ordinance in question may be characterized generally as one prohibiting female persons, other than licensees or the mother, daughter, wife or sister of a licensee, from being employed as bartenders in a licensed retail liquor establishment in the City of Chicago.

Plaintiffs sue as a class comprised of several subclasses. One is a group of women who claim to be generally aggrieved by restrictions on their employment allegedly caused by the application to them of the ordinance and enabling legislation. A second subclass are women who were employed as bar maids and were arrested for violating the ordinance. The third subclass are men who were licensed owners and operators of retail liquor establishments in Chicago and were arrested for violating the ordinance by employing female bar maids. The fourth subclass is a group of owners and operators of taverns represented by their commercial trade association plaintiff Metropolitan Tavern Owners Association.

Defendants are Richard J. Daley, Mayor and Local Liquor Control Commissioner of the City of Chicago; James Conlisk, Superintendent of Police of Chicago; Raymond F. Simon, Corporation Counsel of Chicago; and William J. Scott (successor to William G. Clark), Attorney General of the State of Illinois.

We granted leave to Community Legal Counsel, of Chicago, to appear as an *amicus* and file a brief in support of plaintiffs' appeal, which it did through Stanley A. Bass, its attorney.

In addition to a declaratory judgment, plaintiffs sought to enjoin defendants or any of them from generally enforcing the instant ordinance and enabling statute and from interfering with plaintiffs in any manner arising out of the application of such ordinance and enabling statute to them. Plaintiffs further sought the convocation of a statutory three-judge district court to hear and deter-

---

1.
"Rule 23.
Class Actions
(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

2. The so-called "Bar Maid Ordinance" is set out herein as attached Appendix A.

3. The Illinois enabling statute is set out herein as attached Appendix B.

mine this action pursuant to Title 28, U.S.C.A. §§ 2281, 2283.[4]

On October 14, 1968, defendant Attorney General of Illinois filed a motion to dismiss the action as to him on the grounds that (1) the complaint failed to state a claim against him; (2) he was not a proper party defendant; (3) there was no actual case or controversy between plaintiffs and him; and (4) the cause was not a proper class action. This was followed by a supporting memorandum of law on October 21, 1968.

Thereafter, on November 26, 1968, before any responsive pleadings were filed by any defendant, the trial court entered a memorandum opinion and order dismissing the Attorney General from the action on the ground that he was not a proper party defendant. At the same time the trial court, *sua sponte*, denied plaintiffs' request that a statutory three-judge district court be convened, and dismissed the entire action on the ground that the complaint failed to present a substantial federal question. Plaintiffs appealed.

### I.

■ It has long been held that before a state officer, here the Attorney General, may properly be made a party defendant to a suit to enjoin the enforcement of an act alleged to be unconstitutional, he must have some connection with the enforcement of the act. Ex parte Young, 209 U.S. 123, 157, 28 S.Ct. 441, 52 L.Ed. 714 (1908); Fitts v. McGhee, 172 U.S. 516, 530, 19 S.Ct. 269, 43 L.Ed. 535 (1899); Coon v. Tingle, D.C. N.D.Ga., 277 F.Supp. 304, 306 (1967).

■ Here the only state statute involved is Sections 110–111, *supra*, of the Illinois Liquor Control Act. A reading of this statute makes it plain that it is merely permissive enabling legislation. The Attorney General is not charged with its enforcement. Article 3 of the Act creates the Illinois Liquor Control Commission for that purpose. Furthermore, it does not appear there is any state statute prohibiting women from drawing, pouring or mixing alcoholic beverages, *i. e.*, tending bar. The instant statute could not be violated by plaintiffs or subject them to arrest. The only act under enforcement is the city ordinance enacted pursuant to the enabling statute which vests local control and enforcement in the city. This the city has undertaken in its ordinance. We hold the trial court properly dismissed the Attorney General of Illinois as a party defendant and in that respect the action of the trial court is affirmed.

### II.

Plaintiffs contend that the trial court erred in denying their request for a statutory three-judge district court. We disagree.

■ As we have shown above, the state statute concerned is merely permissive enabling legislation pursuant to which the critical city ordinance was enacted and enforced. The Attorney General of Illinois, the only officer of the state sought to be enjoined, has been properly dismissed as a party defendant. Thus there remains for consideration only a local city ordinance enforced by local officials. Clearly the requirements

4. "§ 2281. Injunction against enforcement of State statute; three-judge court required

An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes, shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title."

"§ 2283. Stay of State court proceedings

A court of the United States may not grant an injunction to stay proceeding in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

of 28 U.S.C.A. § 2281, *supra,* are not satisfied here.

Moody v. Flowers, 387 U.S. 97, 87 S.Ct. 1544, 18 L.Ed.2d 643 (1967) appears dispositive of this proposition. There the Court reaffirmed its prior holdings:

"The Court has consistently construed the section as authorizing a three-judge court not merely because a state statute is involved but only when a state statute of general and statewide application is sought to be enjoined. See, e. g., Ex parte Collins, 277 U.S. 565 [48 S.Ct. 585, 72 L.Ed. 990]; Ex parte Public National Bank, of New York, 278 U.S. 101 [,49 S. Ct. 43, 73 L.Ed. 202]; Rorick v. Board of Commissioners, etc., 307 U.S. 208 [59 S.Ct. 808, 83 L.Ed. 1242]; City of Cleveland v. United States, 323 U.S. 329, 332 [65 S.Ct. 280, 281, 89 L.Ed. 274]; Griffin v. County School Board of Prince Edward County, 377 U.S. 218, 227–228 [84 S.Ct. 1226, 1231–1232, 12 L.Ed.2d 256]. The term 'statute' in § 2281 does not encompass local ordinances or resolutions. The officer sought to be enjoined must be a state officer; a three-judge court need not be convened where the action seeks to enjoin a local officer (Ex parte Collins, *supra*; Rorick v. Board of Commissioners, *supra*) unless he is functioning pursuant to a statewide policy and performing a state function. Spielman Motor Sales Co. v. Dodge, 295 U.S. 89 [55 S.Ct. 678, 79 L.Ed. 1322]. Nor does the section come into operation where an action is brought against state officers performing matters of purely local concern. Rorick v. Board of Commissioners, [etc.], *supra*. And, the requirement that the action seek to enjoin a state officer cannot be circumvented 'by joining, as nominal parties defendant, state officers whose action is not the effective means of the enforcement or execution of the challenged statute.' Wilentz v. Sovereign Camp, WOW, 306 U.S. 573, 579–580 [59 S.Ct. 709, 713, 83 L.Ed. 994]." *Id.* at 101–102, 87 S.Ct. at 1548.

In each of the two appeals in *Moody,* the Court found the state statute involved to be solely concerned with local matters and that the action was brought to enjoin local officers acting solely with reference to local matters, not against "state officers" within the meaning of § 2281. The Court held it improper to convene a statutory three-judge district court under these circumstances. *Id.* at 102–104, 87 S.Ct. 1544.

In the instant appeal, therefore, we hold that the trial court did not err in so ruling and in that respect its action is affirmed.

### III.

Finally, we consider the order of the trial court dismissing the action, *sua sponte,* holding "that the ordinance and statute in question are not susceptible to the constitutional attacks leveled against them." In this respect we have concluded the district court erred.

In its dismissal, the trial court relied upon Goesaert v. Cleary, 335 U.S. 464, 69 S.Ct. 198, 93 L.Ed. 163 (1948), which upheld the validity of a Michigan bar maid statute similar in most respects to the instant Chicago ordinance. In turn, the Illinois Supreme Court, relying on *Goesaert,* upheld the validity of the subject ordinance in Henson v. City of Chicago, 415 Ill. 564, 114 N.E.2d 778 (1953). Also, cited by the trial court for the proposition "that *Goesaert* is still good law," was our opinion in Miskunas v. Union Carbide Corporation, 7 Cir., 399 F.2d 847, at 849–850.

Although we agree that *Goesaert* continues as a ruling precedent unless and until the Supreme Court determines its rationale to be no longer compelling, it may not necessarily be dispositive of constitutional issue before us. Since the parties were foreclosed from closing the issues properly by the *sua sponte* dismissal of the action below, we agree with plaintiffs and the *amicus* that such an opportunity should be afforded.

Both the Michigan statute upheld in *Goesaert* and the Chicago ordinance

now before us except certain women from the general prohibition against women tending bar. However, the Chicago ordinance contains one exception not present in the Michigan statute. The Michigan exception as quoted in *Goesaert* covers "the wife *or* daughter *of the male owner.*" 335 U.S. at 465, 69 S.Ct. at 199. The Chicago exception covers *"the licensee* or the mother, daughter, wife or sister of the licensee." Ch. 147–15, *supra.* (Emphasis added.) We believe that it is at least arguable that this exception could render the ordinance invalid even in the face of *Goesaert*. As Mr. Justice Frankfurter said in *Goesaert*: "It would be an idle parade of familiar learning to review the multitudinous cases in which the constitutional assurance of the equal protection of the laws has been applied. The generalities on this subject are not in dispute; their application turns peculiarly on the particular circumstances of a case." 335 U.S. at 467, 69 S.Ct. at 200.

In *Goesaert,* the Court found that the discrimination among women created by the statutory exception did not violate the Fourteenth Amendment because it believed that the Michigan legislature might have found "other factors * * * operating which either eliminate or reduce the moral and social problems otherwise calling for prohibition." 335 U.S. at 466, 69 S.Ct. at 200. It further said: "Michigan evidently believes that the oversight assured through ownership of a bar by a barmaid's husband or father minimizes hazards that may confront a barmaid without such protecting oversight. This Court is certainly not in a position to gainsay such belief by the Michigan legislature." *(Id.)*

This particular factor may not save the Chicago ordinance since its exception would allow a female licensee to tend bar in her own tavern and to employ her female relatives. In such a case, there would be no protective male in the background.

A careful reading of the complaint shows that plaintiffs alleged they were being subjected "to the deprivation of rights, privileges and immunities secured to them by the Constitution *and the laws of the United States.*" (Emphasis added.) While not a model pleading of specifics, this allegation is at least sufficient to suggest that the 1964 Federal Civil Rights Act, Title 42, U.S.C.A. § 2000a et seq., may give rise to a critical issue under the Supremacy Clause of the Federal Constitution. The 1964 Act, of course, was not in existence when *Goesaert* and *Henson* were decided.

Article VI, Clause 2 reads:

"This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

On brief and in oral argument, plaintiffs argue that the Chicago ordinance in question conflicts with the prohibition against discrimination in employment based on sex contained in 42 U.S.C.A. § 2000e–2, which reads:

"(a) It shall be an unlawful employment practice for an employer—

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

(2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

However, defendants assert there is no conflict between this federal statute and the challenged ordinance because the ordinance is within the exception to the foregoing prohibition provided in subsection (e) of § 2000e–2, *supra*, which reads:

"(e) Notwithstanding any other provision of this subchapter, * * * (2) it shall not be an unlawful employment practice for an employer to hire and employ employees * * * on the basis of his religion, sex, or national origin in those certain instances where religion, sex, or national origin is a bona fide occupational qualification reasonably necessary to the normal operation of that particular business or enterprise."

The extent to which there may be a conflict or federal pre-emption, if any, is not for our present consideration and we express no opinion thereon. Plaintiffs are entitled to raise such questions, as they indicate they desire to do, by further pleading and refinement of the issues below. The trial court will then be in a position to make a more meaningful assessment of such issues properly raised.

In sum, we affirm the dismissal of the Attorney General of Illinois as not being a proper party defendant. We further affirm the denial of plaintiffs' request for a statutory three-judge district court. We vacate that part of the judgment order dismissing this action generally as having been improvidently entered. We remand this cause to the district court for further proceedings not inconsistent with this opinion.

Affirmed in part, vacated in part and remanded.

## APPENDIX A

"Employment of Females.

147–15. *It shall be unlawful for any licensee*, his manager, or other person in charge of any licensed premises where alcoholic liquor is sold or offered for sale for consumption thereon *to engage, employ or permit the engagement or employment of any female person other than the licensee or the mother, daughter, wife or sister of the licensee to draw, pour or mix any alcoholic liquor*, nor shall any other female be permitted to remain on said premises, who shall solicit any patron or customer thereof to purchase alcoholic or non-alcoholic liquor for her, himself, or any other person therein; nor shall any female, or any male representing himself to be female or impersonating a female, whether employee, entertainer, or otherwise, solicit any patron or customer therein to purchase alcoholic or non-alcoholic liquor for herself or himself or any other person therein; provided, *however, that nothing herein contained shall prohibit any adult manageress or waitress who shall be regularly employed therein from accepting and serving the order of a patron or customer in the regular course of her employment as such manageress or waitress."* (Emphasis added.)

## APPENDIX B

"Ill.Rev.Stats., Ch. 43, Sec. 110.

"110. Jurisdiction over retail selling in city councils, boards of trustees and county board—Women and minors] § 1. In every city, village or incorporated town, the city council or president and board of trustees, and in counties in respect. of territory outside the limits of any such city, village or incorporated town the county board shall have the power by general ordinance or resolution to determine the number, kind and classification of licenses, for sale at retail of alcoholic liquor not inconsistent with this Act and the amount of the local licensee fees to be paid for the various kinds of licenses to be issued in their political subdivision, except those issued to the specific non-beverage users exempt from payment of license fees under Section 4 of Article V thereof which shall be issued without payment of any local license fees,

and the manner of distribution of such fees after their collection; *to prohibit any woman or minor, other than a licensee or the wife of a licensee, from drawing, pouring, or mixing any alcoholic liquor as an employee of any retail licensee*; and to prohibit any minor from at any time attending any bar and from drawing, pouring or mixing any alcoholic liquor in any licensed retail premises; and to establish such further regulations and restrictions upon the issuance of and operations under local licenses not inconsistent with law as the public good and convenience may require; and to provide penalties for the violation of regulations and restrictions, including those made by county boards, relative to operation under local licenses; provided, however, that in the exercise of any of the powers granted in this section, the issuance of such licenses shall not be prohibited except for reasons specifically enumerated in Sections 2, 8, 8a and 21. of Article VI of this Act. As amended by act approved June 18, 1957. L.1957, p. 682.

"111. Local liquor control commissioner.] § 2. The mayor or president of the board of trustees of each city, village or incorporated town, and the president or chairman of the county board, shall be the local liquor control commissioner for their respective cities, villages, incorporated towns and counties and shall be charged with the administration in their respective jurisdictions of the appropriate provisions of this Act and of such ordinances and resolutions relating to alcoholic liquor as may be enacted; but the authority of the president or chairman of the county board shall extend only to that area in any county which lies outside the corporate limits of the cities, villages and incorporated towns therein.

"However, such mayor, president of the board of trustees or president or chairman of the county board may appoint a person or persons to assist him in the exercise of the powers and the performance of the duties herein provided for such local liquor control commissioner." (Emphasis added.)

