**Dorothy Ann WHITE, Plaintiff,**

v.

**John FLEMMING, City Attorney of the City of Milwaukee, Wisconsin, et al., Defendants.**

**Civ. A. No. 70–C–704.**

United States District Court,
E. D. Wisconsin.

July 10, 1972.

Joseph P. Balistreri, Milwaukee, Wis., for plaintiff.

Joseph H. McGinn, Asst. City Atty., Milwaukee, Wis., for defendants John Flemming and Milwaukee Police Department.

Karl M. Dunst, Asst. Corp. Counsel, Milwaukee, Wis., for defendant Christ T. Seraphim.

## OPINION AND ORDER

REYNOLDS, Chief Judge.

This is a § 1983 action in which a female employee of a Milwaukee tavern asserts a constitutional right to sit anywhere in the bar *even* if that means sitting next to the opposite sex. Jurisdiction is alleged pursuant to Title 28 U.S. C. §§ 1343, 2201, and 2202. A three-judge court is requested pursuant to Title 28 U.S.C. § 2281.

This action was commenced subsequent to the arrest of the plaintiff, Dorothy Ann White, by the Milwaukee Police Department for violation of § 90–25 of the Milwaukee Code of Ordinances:

"90–25. FEMALE EMPLOYEES BEHIND BARS. Any female entertainer, waitress, or female employee of any Class 'B' malt beverage or Class 'B' intoxicating liquor licensed premises who shall at any time stand or sit at or behind the bar, except for the specific purpose of receiving food or drink orders for delivery to patrons who are not at the bar, or any female entertainer, waitress, or female employee who shall sit at any table or in any booth or elsewhere on the premises with any male patron, shall be punished by a fine not to exceed twenty-five dollars, or in default of payment thereof be committed to the county jail or house of correction of Milwaukee county for not to exceed sixty days or until such fine and costs shall be paid; * * *. * * * The provisions of this section shall not apply to female employees who are members of the immediate family and household of the licensee."

The arrest warrant charged her with unlawfully sitting with a male patron of

the Class "B" tavern in which she was employed. The complaint in this action challenges the constitutionality of the Milwaukee ordinance, alleging it to be, on its face, contrary to the Fourteenth Amendment. More specifically, it is alleged that the ordinance deprives plaintiff of both her First Amendment rights and her right to equal protection. In her prayer for relief, plaintiff requests both a declaration of unconstitutionality and the issuance of an injunction. Temporary injunctive relief was requested at the time of the filing of this action. However, I denied such relief at that time, finding both that the possibility of prosecution was "not enough to warrant interference with the orderly administration of the state courts" and that the likelihood of probable success was insufficient. Subsequently Mrs. White was tried in the Milwaukee County Court, and the matter was dismissed on the testimony of the arresting officer. Defendants have now moved for summary judgment on the ground that the cause of action is moot. This motion is denied.

█ Turning first to plaintiff's request for a three-judge court, it is clear that such a court need not be convened. While for purposes of § 1983 a municipal ordinance suffices for "state law," the lack of statewide significance negates the inference that such a local ordinance is also a "state statute" for purposes of § 2281. Board of Regents v. New Left Education Project, 404 U.S. 541, 92 S.Ct. 652, 30 L.Ed.2d 697 (1972).

██ I turn next to defendants' allegation of mootness. Although this action was apparently triggered by the arrest of plaintiff, it does not follow that her successful defense in state court moots the case before me. Mrs. White in her complaint does not limit her request for relief to simply the single prosecution triggering this action, but rather seeks declaratory and injunctive relief from any prosecution on the basis of § 90–25 now or in the future. There is no evidence that dismissal of the state

action against Mrs. White will provide the wide scope of relief sought here. The Wisconsin Supreme Court has specifically upheld the constitutionality of § 90–25. Milwaukee v. Piscuine, 18 Wis. 2d 599, 119 N.W.2d 442 (1963). There is no allegation that Mrs. White's dismissal was based upon a finding of unconstitutionality. Cf. Gatling v. Butler, 52 F.R.D. 389 (Conn.1971). Indeed, the lack of mootness is evident from the fact that neither defendant has seen fit to accept plaintiff's offer, by way of her brief, to drop this action upon defendants' stipulating "that they will no longer enforce sec. 90.25 against the plaintiff * * *." The Seventh Circuit has only recently restated that " 'voluntary cessation of allegedly illegal conduct does not deprive the tribunal of the power to hear and determine the case, i. e., does not make the case moot.' " Gautreaux v. Romney, 448 F.2d 731, 735 (7th Cir. 1971), quoting United States v. W. T. Grant Co., 345 U.S. 629, 632, 73 S.Ct. 894, 97 L.Ed. 1303 (1953). The instant case is even stronger in this regard in that the state court's dismissal cannot be termed a "voluntary" dismissal, and there is no allegation or indication that the defendants will voluntarily refuse to enforce § 90–25.

Plaintiff is presently employed in a Class "B" tavern. Milwaukee has enforced § 90–25 in the past both against others, e. g., Milwaukee v. Piscuine, 18 Wis.2d 599, 119 N.W.2d 442 (1963), and against Mrs. White. There is no reason to believe that the defendants are not prepared to prosecute Mrs. White once again for sitting down near a man. A controversy presently exists between the parties, and the relief demanded in the case before me has not been satisfied by the state court's action.

█ The defendant trial judge also argues that summary judgment must be granted as to him because his actions were dictated by Wisconsin Supreme Court authority. This defense is not sufficient in light of the purely equitable nature of the relief sought. Nor do I find that Younger v. Harris, 401 U.S.

37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), precludes this action. See Unitarian Church West v. McConnell, 337 F.Supp. 1252, 1256 (E.D.Wis.1972); McCue v. City of Racine, 330 F.Supp. 466, 468 (E.D.Wis.1971). In conclusion, I would add that I do not today *sub silentio* pass on any other questions.

It is therefore ordered that defendants' motions for summary judgment be and hereby are denied.

It is further ordered that plaintiff's motion for a three-judge district court be and it hereby is denied.