**Mary Jane DAUGHERTY et al., Plaintiffs,**

v.

**Richard J. DALEY et al., Defendants.**

**No. 73 C 1400.**

United States District Court, N. D. Illinois, E. D.

Feb. 5, 1974.

Julius Lucius Echeles, Chicago, Ill., for plaintiffs.

Robert R. Retke and William R. Quinlan, Asst. Corp. Counsels, City of Chicago, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

Before KILEY, Circuit Judge, and PARSONS and McGARR, District Judges.

PARSONS, District Judge.

Plaintiffs bring this action pursuant to Rule 23(a), Federal Rules of Civil Procedure, Title 28 U.S.C., on their own behalf and on behalf of all others similarly situated. They charge that Ill. Rev.Stat., Ch. 38, Secs. 26.1–2(a) and 26.1–3(c) are unconstitutional and seek a declaratory judgment, temporary and permanent injunctions, and other relief.

The statutory provisions in question may be described generally as prohibiting the solicitation by females in taverns of the purchase of alcoholic or nonalcoholic beverages, and prohibiting anyone from serving female employees beverages purchased by male patrons of taverns.

Plaintiffs sue as representatives of several subclasses. The first are hostesses and entertainers employed on premises licensed to sell alcoholic liquor by the drink, who have been arrested and prosecuted for violation of the state statutes and later discharged. The second are waitresses and bartenders who serve or sell alcoholic liquor by the drink on licensed premises and who have been arrested and prosecuted for violation of the state law and later discharged. And the third are licensees of premises whose violations of the state statutes could result in revocations of licenses by the City.

Defendants are the Mayor of Chicago who is the Local Liquor Control Commissioner of the City; the Superintendent of Police of Chicago whose officers investigate and make arrests for violations of the statutes concerned; the Corporation Counsel for the City of Chicago; the State's Attorney of Cook County, who presents violations of the statutes and proceedings for revocation of licenses; and certain police officers who have made arrests under the statutes.

The defendants moved for dismissal for want of jurisdiction and, alternatively, applied for the convening of a three-judge court (28 U.S.C. 2281). Notice was given to the Governor and Attorney General of Illinois, required by 28 U.S.C. 2284. Each indicated by letter that, for the time being, he will not intervene nor participate in the matter.

A temporary restraining order was entered by a single judge of this district. It restrained the Chicago Liquor Commission from enforcing §§ 26.1–2 and 26.1–3 through revocation proceedings against any of plaintiffs' establishments. The order was expanded later to restrain the defendants Superintendent of Police and policemen from entering plaintiffs' establishments for purposes of harassment, but allowed them to enter for the purpose of arrest upon probable cause to believe that violations of the questioned statutes were occurring.

This three-judge court was convened to consider the question of the constitutionality of the statutes. Finding that at least the tavern owners and licensees have standing to sue and that jurisdiction exists, we have had the matter of constitutionality of the statutes on their face briefed and argued by the parties.

The pertinent provisions of Sections 26.1–2 and 26.1–3 are as follows:

"26.1–2 *Soliciting*

"No female, whether employee, entertainer or otherwise shall:

"(a) Solicit, induce or request a patron to purchase any alcoholic or non-

alcoholic beverage for herself or any other person * * *." * * *

"26.1–3 *Other Prohibited Activities*

"No person may * * *

"(c) Knowingly serve to a female employee any alcoholic or nonalcoholic beverage which was purchased by any male person not related to such employee by blood or marriage."

The plaintiffs complain that these statutory provisions discriminate against females and against persons who serve drinks to female employees solely on the basis of sex. Such discrimination, they argue, constitutes an invidious limitation of and infringement upon the equality of the sexes without any rational or legitimate basis. They also complain of statutory overbreadth and vagueness.

The defendants urging the constitutionality of the statutes, seek to rely on the decisions of the Supreme Court in Goesaert v. Clary, 335 U.S. 464, 69 S.Ct. 198, 93 L.Ed. 163 (1948), and California v. LaRue, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972) which, they say, upheld similar statutory prohibitions against a variety of constitutional challenges.

We conclude that the classifications contained in Sections 26.1–2(a) and 26.-1–3(c) and their overbreadth and vagueness violate the Fourteenth Amendment to the Constitution of the United States.

In California v. LaRue, *supra,* the Supreme Court upheld a California regulation which prohibited the performance of certain sexual acts in places where liquor by the drink was sold. In arriving at its conclusion the Court recognized that the broad sweep of the Twenty-first Amendment conferred upon states something more than the usual state authority over public health, welfare, and morals. *Id.* at 114, 93 S.Ct. 390. But it ". . . did not go so far as to hold or say that the Twenty-first Amendment supersedes all other provisions of the United States Constitution in the area

of liquor regulations." *Id.* at 115, 93 S. Ct. at 395. The standard to be applied is rationality: the state regulation must have some rational basis. *Id.* at 116, 93 S.Ct. 390. More recently, Mr. Justice Brennan, writing for a plurality in Frontiero v. Richardson, 411 U.S. 677, 682, 93 S.Ct. 1764, 1768, 36 L.Ed.2d 583 (1973), stated that classifications based upon sex "are inherently suspect and must therefore be subjected to close judicial scrutiny."

■ The Illinois Legislature has broad regulatory authority over the disposition and sale of liquor within Illinois. We do not have here the question of the authority of the State to impose reasonable controls upon employee solicitations or the inducing of patrons to buy drinks, or even to ban solicitation entirely. But to prohibit solicitation by female persons and not male persons sets up a classification based on sex which is subject to "close scrutiny" under the Equal Protection Clause of the Fourteenth Amendment. Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971).

■ In Goesaert v. Cleary, 335 U.S. 464, 69 S.Ct. 198, 93 L.Ed. 163 (1948), the Court upheld [1] the validity of a Michigan barmaid statute which prohibited a woman from tending bar who was neither the wife nor daughter of the male owner. Licenses were issued only to men, and a rational inference was drawn that the protection and "oversight assured through ownership of a bar by a barmaid's husband or father minimizes hazards that may confront a barmaid without such protecting oversight." *Id.* at 466, 69 S.Ct. at 200. The issue in that case was decided by examining the specific rational basis for the legislative goals which were presented to that Court. The question concerning the constitutionality of a classification must be decided on a case by case basis. *Goesaert, supra,* 335 U.S. at 467, 69 S. Ct. 198. In addition, in *Goesaert* the Supreme Court reviewed a Michigan

---

1. Justices Rutledge, Douglas and Murphy dissented.

statutory classification of women in employment before the enactment of the 1964 Federal Civil Rights Act, 42 U.S.C. § 2000a et seq., which with a very limited exception (Sub-sec. e–2) provides a blanket prohibition against sex discriminations in employment. This was pointed out in the more recent decision of the Seventh Circuit Court of Appeals in McCrimmon v. Daley, 418 F.2d 366, 370–371 (1969).

The defendants argue that Illinois classification nevertheless is reasonable because it attempts to eliminate commercial exploitation through those well-known sexual inducements inherent in the practice of solicitation by female employees. Clearly, the objective of eliminating undesirable commercial exploitation particularly through sexual inducements practiced in the surrounding of a bar is not without some legitimacy. The question, however, is whether the statutes advance that objective in a manner consistent with the Equal Protection Clause. *See,* Reed v. Reed, *supra,* 404 U.S. at 76, 92 S.Ct. 251. No reason appears nor is advanced to show why the elimination of commercial exploitation is more attainable by prohibition of solicitation by women employees than by male employees. Absent such a showing we see no reason for discriminating in favor of males and against females in serving the legitimate purpose of the legislature in enacting the sections in suit.

We find today no rational basis for distinguishing between female and male tavern employees who solicit drinks for themselves or others; nor between the bartender or barmaid who serves solicited drinks to a male employee. There is both sex discrimination and statutory overreaching when a male bartender or waiter may lawfully suggest that a patron purchase a drink for him, the barman or for anyone else, regardless of sex; but when this suggestion is made by a female bartender, waitress or entertainer she has a committed a State crime and as a result a business license may be revoked. (Illinois delegates to its cities its authority to grant tavern licenses and to revoke them for cause including violations of state law restricting use of taverns by women and minors. Ill.Rev.Stats. Ch. 43, §§ 110–114.)

Section 26.1–2(a) is overbroad and vague for a further reason. If read literally, it would prohibit all females whether employees or patrons from requesting the purchase of alcoholic or nonalcoholic beverages. Even in the most innocent circumstance this section would prevent a woman from asking her male companion to purchase any liquid refreshment for her while they are in a bar. The principal source of this overbreadth stems from the words "or otherwise". ("No female, whether employee, entertainer or otherwise shall: . . . .") "Ejusdem Generis", as a rule of statutory construction, does not confine these all-embracing words to the class of females employed by a licensed establishment. Section 26.1–1, a preface provision to the sections under attack, provides the specific meaning for the words "female employee".[2] It includes any woman hired for whatever purpose. The words "or otherwise", to have any meaning, must relate to the entire class of women whether hired or not.

We conclude that both Sections 26.1–2(a) and 26.1–3(c) of the Illinois Criminal Code, Ill.Rev.Stats., Ch. 38, violate the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States. They are discriminatory on their face, overbroad and vague.

Defendants' motions to dismiss should be and hereby are denied. Defendants are permanently enjoined from enforcing these two provisions of the Illinois Criminal Code.

It is so ordered.

---

2. Sec. 26.1–1: . . . . " 'Female employee' means and includes any female agent, employee, entertainer, hostess, waitress or other such person employed by a licensed establishment, or any female person employed on any contractual basis working for such an establishment; . . . "