Dorothy Ann WHITE, Plaintiff,

v.

John FLEMMING, City Attorney of the City of Milwaukee, Wisconsin, et al., Defendants.

Civ. A. No. 70-C-704.

United States District Court, E. D. Wisconsin.

May 7, 1974.

Joseph P. Balistrieri, Milwaukee, Wis., for plaintiff.

Joseph H. McGinn, Asst. City Atty., Milwaukee, Wis., for defendants John Flemming and The Milwaukee Police Department.

Karl M. Dunst, Asst. Corp. Counsel, Milwaukee, Wis., for defendant Christ T. Seraphim.

## OPINION AND ORDER

REYNOLDS, Chief Judge.

In this action brought under the Civil Rights Act, plaintiff challenges the constitutionality of a Milwaukee ordinance (§ 90–25) which prohibits female employees of a Class "B" tavern from sitting with a male patron at the tavern's tables or booths.[1] The facts are short and simple. Plaintiff, a female employee of a Milwaukee Class "B" tavern,

---

1. Section 90–25 of the Milwaukee Code of Ordinances providing for "Female Employees Behind Bars" states:

"Any female entertainer, waitress, or female employee of any Class 'B' malt beverage or Class 'B' intoxicating liquor licensed premises who shall at any time stand or sit at or behind the bar, except for the specific purpose of receiving food or drink orders for delivery to patrons who are not at the bar, or any female entertainer, waitress, or female employee who shall sit at any table or in any booth or elsewhere on the premises with any male patron, shall be punished by a fine not to exceed twenty-five dollars, or in default of payment thereof be committed to the county jail or house of correction of Milwaukee county for not to exceed sixty days or until such fine and costs shall be paid; * * *. * * * The provisions of this section shall not apply to female employees who are members of the immediate family and household of the licensee."

was arrested and charged with unlawfully sitting with a male patron at the tavern in which she worked all in violation of § 90–25 of the Milwaukee Code of Ordinances.

In her complaint plaintiff alleges that the Milwaukee ordinance is unconstitutional in that it violates the first amendment of the Constitution; that it deprives the plaintiff of privileges and immunities guaranteed by the Constitution; that it denies her of equal protection of the law; and that it is a violation of the due process clause of the fourteenth amendment. In her prayer for relief, plaintiff requests both a declaration of unconstitutionality and the issuance of an injunction. Jurisdiction is based on 28 U.S.C. §§ 1343, 2201, and 2202, and 42 U.S.C. § 1983.

At the commencement of this action, plaintiff requested the issuance of a temporary restraining order. I denied such relief at that time, finding first that the possibility of prosecution did not require interference with the state court proceeding, and second, that the likelihood of probable success was not sufficient. Subsequent to this, plaintiff was tried in the Milwaukee County Court and the charges were dismissed. Defendants then moved for summary judgment on the ground that the cause of action was moot. I denied that motion in White v. Flemming, 344 F.Supp. 295 (E.D.Wis.1972). Defendants have now moved to dismiss the action, and I deny this motion as well, except as to the defendant Milwaukee Police Department.

■ First of all, it has recently become clear that the Milwaukee Police Department is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, is not a proper party to this suit. The Milwaukee Police Department is not an independent entity but a division of the government of the City of Milwaukee. Previously, the Court of Appeals for the Seventh Circuit formulated a bifurcated approach to the ambit of § 1983. In Adams v. City of Park Ridge,

293 F.2d 585 (7th Cir. 1961), and Schnell v. City of Chicago, 407 F.2d 1084 (7th Cir. 1969), it was held that municipalities were not liable for damages under § 1983, but that they were proper defendants under § 1983 where equitable relief was sought. In City of Kenosha v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 38 L.Ed.2d 109 (1973), this theory was laid to rest. The Supreme Court stated at 513:

"We find nothing in the legislative history discussed in *Monroe* [Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492], or in the language actually used by Congress, to suggest that the generic word 'person' in § 1983 was intended to have a bifurcated application to municipal corporations depending on the nature of the relief sought against them. Since, as the Court held in *Monroe*, 'Congress did not undertake to bring municipal corporations within the ambit of' § 1983, *id.*, at 187, they are outside of its ambit for purposes of equitable relief as well as for damages. * * *"

Therefore, on the basis of the Supreme Court's recent ruling in City of Kenosha v. Bruno, supra, the action against the Milwaukee Police Department must be dismissed.

I turn now to the named defendants: John Flemming, City Attorney of the City of Milwaukee; and Christ T. Seraphim, Judge of the County Court of Milwaukee County. Suit against these parties is not barred by City of Kenosha v. Bruno, supra.

■ Firstly, defendants assert that the complaint should be dismissed as against them for lack of jurisdiction because plaintiff has no absolute right to work in a tavern. Defendants' argument misses the point. Plaintiff does not have to show that she has a right to work in a tavern for jurisdiction under 28 U.S.C. § 1343.

■ Secondly, it is quite clear that the County Court judge and the City Attorney are not immune from suit under

the 1871 Civil Rights Act, 42 U.S.C. § 1983, when equitable relief against an allegedly unconstitutional city ordinance is sought. Littleton v. Berbling, 468 F. 2d 389 (7th Cir. 1972).

◼ Thirdly, defendants assert that the complaint fails to state a cause of action. I disagree. An action, especially under the Civil Rights Act, should not be dismissed at the pleadings stage unless it appears to a certainty that plaintiffs are entitled to no relief under any state of facts which could be proved in support of their claims. Escalera v. New York City Housing Authority, 425 F.2d 853, 857 (2d Cir. 1970), cert. denied 400 U.S. 853, 91 S.Ct. 54, 27 L.Ed. 2d 91 (1970). See also Barnes v. Merritt, 376 F.2d 8 (5th Cir. 1967); York v. Story, 324 F.2d 450 (9th Cir. 1963), cert. denied 376 U.S. 939, 84 S.Ct. 794, 11 L.Ed.2d 659 (1964); and 2A Moore's Federal Practice ¶ 12.08 at 2271–2274 (4th ed. 1974).

◼ What is at issue here is not per se a regulation of the liquor industry but an ordinance which circumscribes the conduct of an individual in a tavern: conduct which would be legal in any other context but is herein made illegal solely because of the sex of the individual. I find that plaintiff has stated a cause of action, and deny the defendants' motion to dismiss.

◼ Although the plaintiff has not filed a motion for summary judgment, I have the power to enter such judgment since the plaintiff is clearly entitled to prevail, and there is no genuine issue of material fact requiring a trial. 3 Barron and Holtzoff, Federal Practice and Procedure, § 1239 (Wright ed. 1958); Proctor & Gamble Independent Union of Port Ivory, N.Y. v. Proctor & Gamble Mfg. Co., 312 F.2d 181 (2d Cir. 1962), cert. denied 374 U.S. 830, 83 S.Ct. 1872, 10 L.Ed.2d 1053 (1963); Pitts v. Knowles, 339 F.Supp. 1183 (W.D.Wis. 1972), affirmed 478 F.2d 1405 (7th Cir. 1973); Weber v. Weinberger (E.D.Wis., decided March 19, 1974). This action is therefore ripe for resolution as a summary judgment for plaintiff. I grant summary judgment to the plaintiff and herein declare § 90.25 of the Milwaukee Code of Ordinances to be unconstitutional.

Since the ordinance prevents the solicitation of drinks by females and not by males, plaintiff's complaint clearly shows the existence of a classification based on sex. In the absence of a fundamental interest and/or a suspect classification,[2] the question becomes whether the legislative distinction is arbitrary and without rational relationship to a legitimate legislative objective. As the United States Supreme Court stated in Reed v. Reed, 404 U.S. 71, 75–76, 92 S.Ct. 251, 253, 30 L.Ed.2d 225 (1971):

"* * * * this Court has consistently recognized that the Fourteenth Amendment does not deny to States the power to treat different classes of persons in different ways. [Citations omitted] The Equal Protection Clause of that amendment does, however, deny to States the power to legislate that different treatment be accorded to persons placed by a statute into different classes on the basis of criteria wholly unrelated to the objective of that statute. A classification 'must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legis-

---

2. In Frontiero v. Richardson, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973), a plurality of the Supreme Court found that sex, like classifications based on race, McLaughlin v. Florida, 379 U.S. 184, 191–192, 85 S.Ct. 283, 13 L.Ed.2d 222 (1964), alienage, Graham v. Richardson, 403 U.S. 365, 372, 91 S. Ct. 1848, 29 L.Ed.2d 534 (1971), and national origin, Korematsu v. United States, 323 U.S. 214, 216, 65 S.Ct. 193, 89 L.Ed. 194 (1944), are inherently "suspect" and therefore must be examined with "strict scrutiny". The plurality found implicit support for this approach in the unanimous opinion of Reed v. Reed, supra.

I propose to herein utilize the *Reed* approach, rather than the *Frontiero* approach, because the ordinance in question is so patently arbitrary that it must fall without subjecting it to strict scrutiny.

lation, so that all persons similarly circumstanced shall be treated alike.' Royster Guano Co. v. Virginia, 253 U. S. 412, 415 [40 S.Ct. 560, 561, 64 L. Ed. 989] (1920) * * *."[3]

I must therefore inquire whether defendants have shown that the ordinance in question is rationally related to a legitimate governmental interest. Identifying the city's purpose in passing this ordinance is not an easy task. Here defendants argue that the bar-girl ordinance was designated to prohibit women employees from fraternizing with male customers in a tavern because said fraternization leads to several evils; namely, solicitation of drink orders, loitering for the purpose of perpetrating or planning immoral acts, and commission of fraud on the patrons.

In other words, defendants contend that the prohibition of female employees from sitting at tables with male patrons is designed to achieve the following results: (1) less solicitation of drink orders by female employees; (2) less planning of and, assumably, consummation of immoral acts by female employees; and (3) less perpetration of fraud on the tavern's clientele by female employees. Defendants have presented nothing to support these conclusions. In addition, defendants do not advance any reasons to show why the elimination of solicitation, immorality, and fraud is any more attainable by regulating the service of drinks by women rather than by men.

The objectives of reducing the planning of immoral acts, the commission of fraud, and the bothersome solicitation of drinks are legitimate legislative objectives. What is crucial is that defendants have not shown that the bar-girl ordinance advances their objectives in a rational manner consistent with the dictates of the equal protection clause. Under normal circumstances, I would have given defendants the opportunity to present more substantive evidence in support of the ordinance. Here, however, I find the ordinance to be so irrational, invidious, and patently arbitrary that I cannot perceive of any possible showing that the ordinance is rationally related to a legitimate government interest. That is, I cannot perceive of any means of showing that the elimination of solicitation, immorality, and fraud is more attainable by the regulation of the serving of drinks by women rather than by men. Based, therefore, on the defendants' failure to show that the ordinance stands in a rational relationship to legitimate government interests, and the ordinance's patent arbitrariness, I must strike it down as being in violation of the fourteenth amendment. Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225, (1971); Jefferson v. Hackney, 406 U.S. 535, 546, 92 S.Ct. 1724, 32 L.Ed.2d 285 (1972); Dandridge v. Williams, 397 U.S. 471, 485, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970); see generally Daugherty v. Daley, 370 F. Supp. 338 (N.D.Ill., decided Feb. 5, 1974).

---

3. See Eisenstadt v. Baird, 405 U.S. 438, 447 n. 7, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972), where it was stated that the contention in Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971), that sex, like race and national origin, should be treated as a "suspect" classification was not rejected. Rather, it was found that the statutes failed to even satisfy the more lenient equal protection standard of rationality.

In this context, see, also Frontiero v. Richardson, 411 U.S. 677, 682 (1973), in which Justice Brennan, writing for a plurality, stated the following:

"At the outset, appellants contend that classifications based upon sex, like classifications based upon race, alienage, and national origin, are inherently suspect and must therefore be subjected to close judicial scrutiny. We agree and, indeed, find at least implicit support for such an approach in our unanimous decision only last Term in Reed v. Reed, 404 U.S. 71 [92 S.Ct. 251, 30 L. Ed.2d 225] (1971)."

For an excellent discussion of the technique utilized by the Supreme Court in resolving the issues presented in Reed v. Reed, supra, and Eisenstadt v. Baird, supra, see Gunther, "Forward: In Search of Evolving Doctrine on a Changing Court: A Model for a Never Equal Protection", 86 Harv.L.Rev. 1 (1972).

Defendants vigorously urge upon the court the cases of Goesaert v. Cleary,[4] 335 U.S. 464, 69 S.Ct. 198, 93 L.Ed. 163 (1948), and Milwaukee v. Piscuine,[5] 18 Wis.2d 599, 119 N.W.2d 442 (1963). Both of these cases antedate a decade of legislative activity towards sex-based classifications. In Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., except for a very narrow provision (§ 2000e–2), Congress set forth a straightforward prohibition against sex discrimination in employment. See McCrimmon v. Daley, 418 F.2d 366, 370–371 (7th Cir. 1969); Daugherty v. Daley, supra. In the Equal Pay Act of 1963, Congress expressly declared that no employer covered by the Act "shall discriminate * * * between employees on the basis of sex * * *." 29 U.S.C. § 206(d). Likewise, in § 1 of the Equal Rights Amendment, it is stated that "[e]quality of rights under the law shall not be denied or abridged by the United States or by any State on account of sex."[6] This legislative activity is not without importance to the instant case.[7] Frontiero v. Richardson, 411 U.S. 677, 688 (1973); Katzenbach v. Morgan, 384 U.S. 641, 648–649, 86 S.Ct. 1717, 16 L.Ed.2d 828 (1966).

In California v. LaRue, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972), the Supreme Court recently held that a State, exercising its broad power under the twenty-first amendment, has the right to regulate that the combination of certain sexual performances and the disposition of liquor by the drink ought not to occur at premises licensed to dispense liquor. LaRue does not stand for the proposition that the twenty-first amendment supercedes all other provisions of the Constitution of the United States in the area of liquor regulations. As Mr. Justice Stewart stated in California v.

---

4. Goesaert v. Cleary, supra, upheld the constitutionality of a Michigan bar-maid statute which prohibited a female from tending bar who was neither the wife nor daughter of the male owner. The Supreme Court of the United States found that Michigan had not violated its duty to afford equal protection of the law, and that the state statute was a valid exercise of the State's police power to prescribe remedies for moral and social problems.

   While I admit that Goesaert is still the law today, I feel compelled to emphasize that its precedential value has been severely weakened. See Daugherty v. Daley, 370 F. Supp. 338 (N.D.Ill. decided Feb. 5, 1974); McCrimmon v. Daley, 418 F.2d 366 (7th Cir. 1969).

5. In Milwaukee v. Piscuine, supra, the Wisconsin Supreme Court upheld the constitutionality of the same ordinance in question here. The Court found (1) that the City of Milwaukee had the power to enact the ordinance; (2) that the ordinance was not unconstitutional as being in violation of the equal rights of women; and (3) that the ordinance was not arbitrary and unreasonable and was therefore a valid exercise of the police power. Concerning the latter finding, the Court stated at 612:

   " * * * Ever since Eve, mankind has recognized that one thing may lead to another and if the city of Milwaukee common

council chose to enact these restrictions as part of a program (along with ordinance 90–24 prohibiting solicitation of drinks by female employees) to reduce the fraternizing by female employees with patrons of these liquor establishments, we must hold that this ordinance is a reasonable exercise of the police power and that the regulations are directly related to preserving morals and the public welfare."

   No mention of Adam's participation in moral matters was made, and the opinion contains no discussion of why morality (protected by the reduction of fraternization of female employees with patrons of the tavern) could best be served by the service of drinks by females rather than by males.

6. H.R.J.Res.No.208, 92nd Cong., 2nd Sess. (1972). The Equal Rights Amendment was passed by Congress on March 22, 1972, and has been submitted to the state legislatures for ratification.

7. This country has had a long history of sex discrimination. As a general proposition, the differences of statutory treatment between the sexes has essentially relegated the class of individuals termed "female" to an inferior legal status with no consideration whatsoever of the actual physical, intellectual, and spiritual capacities or capabilities as individual members of the human race. I believe that recent legislative action in this area reflects this.

LaRue, supra, footnote at 120 concurring opinion):

"This is not to say that the Twenty-first Amendment empowers a State to act with total irrationality or invidious discrimination in controlling the distribution and dispensation of liquor within its borders. And it most assuredly is not to say that the Twenty-first Amendment necessarily overrides in its allotted area any other relevant provision of the Constitution. See Wisconsin v. Constantineau, 400 U.S. 433 [91 S.Ct. 507, 27 L.Ed.2d 515]; Hostetter v. Idlewild Bon Voyage Liquor Corp., 377 U.S. 324, 329–334 [84 S.Ct. 1293, 12 L.Ed.2d 350]; Dept. of Revenue v. James B. Beam Co., 377 U.S. 341 [84 S.Ct. 1247, 12 L.Ed.2d 362]."

The standard which must be applied to the ordinance is rationality. Applying this standard, I find Milwaukee's bargirl ordinance to be so irrational and invidious that it is patently unconstitutional under the equal protection clause of the United States Constitution.

It is therefore ordered that the motion of the defendant Milwaukee Police Department to dismiss this action as to it be and it hereby is granted.

It is further ordered that the motion of the defendants John Flemming and Christ T. Seraphim to dismiss this action as to them be and it hereby is denied.

It is further ordered that judgment be entered for the plaintiff enjoining the defendants from enforcing § 90.25 of the Milwaukee Code of Ordinances against her.

It is further ordered that § 90.25 of the Milwaukee Code of Ordinances be and it hereby is declared violative of the United States Constitution.