514 F.2d 1179
 Jane DOE, Individually, and on behalf of all others
similarly situated, Plaintiff-Appellee,
v.
Edwin A. MUNDY, Individually, and as Director of
Institutions and Departments of Milwaukee County,
et al., Defendants-Appellants.
 No. 74-1608.
 United States Court of Appeals,
Seventh Circuit.
 Argued Jan. 22, 1975.
Decided Jan. 30, 1975.*
Rehearing and Rehearing En Banc Denied March 21, 1975.
 
 John R. Devitt, Asst. Corp. Counsel, Milwaukee, Wis., for defendants-appellants.
 Ronald L. Wallenfang, Milwaukee, Wis., for amici curiae.
 Melvin L. Wulf, Judith M. Mears, American Civil Liberties Union, New York City, for plaintiff-appellee.
 Before PELL and TONE, Circuit Judges, and PERRY,** Senior District Judge.
 TONE, Circuit Judge.
 
 
 1
 This is an appeal under 28 U.S.C. § 1292(a)(1) from an order granting a preliminary injunction. The original plaintiff, under the pseudonym Jane Doe, brought this action on behalf of herself and all others similarly situated against the Director of Institutions and Departments of Milwaukee County and the Administrator, governing body, and certain officials of Milwaukee County General Hospital. Victoria Thoms later joined as a named plaintiff. Invoking the District Court's jurisdiction under 28 U.S.C. § 1343(3), plaintiffs sought injunctive and declaratory relief as authorized by 42 U.S.C. § 1983. They attacked, as a violation of their rights under the Fourth, Fifth, Ninth, and Fourteenth Amendments, Rule 26(b) of the Hospital's Rules and Regulations of the Medical Staff, which permits the use of hospital facilities for an abortion only when a pregnancy "is complicated by medical conditions of such nature and advanced to such degree that continuation of pregnancy threatens the life of the mother." (Emphasis in the original.) The District Court, on July 24, 1974, entered an order granting plaintiffs' motion for a preliminary injunction.
 
 
 2
 Defendants prosecute this appeal, arguing that it was necessary to convene a three-judge court to consider the constitutionality of a Wisconsin statute which purported to authorize hospitals to refuse to perform abortions and another Wisconsin statute, which the District Court refused to consider, concerning public aid to pregnant mothers, and that, in any event, the District Court erred in granting the preliminary injunction because the statute and the rule are constitutional. For the reasons stated below we affirm the District Court's order granting the preliminary injunction.
 
 
 3
 We first consider whether the case is moot and whether this is a proper class action. Mootness, to the extent that it is raised at all, and the class-action objections are raised by the amici curiae, St. Thomas More Society and Catholic Physicians' Guild.
 
 
 4
 From the complaint and affidavits the following facts appear: Jane Doe was ten weeks pregnant and wished to have an abortion at the time the complaint was filed. Prior thereto she had gone to a physician, who advised her that she was pregnant, and, when she requested an abortion but was without funds, advised her to apply for public assistance and to go to the Milwaukee County General Hospital and request an abortion. This she did, and a hospital representative advised her that the hospital's policy was not to perform elective abortions. Victoria Thoms was pregnant and in the first trimester of her pregnancy at the time she filed her affidavit. She desired an elective abortion. Her physician examined her and found her to have a normal pregnancy but, for reasons that do not appear, considered it "medically imperative that she have a therapeutic abortion performed before her first trimester" ended. Since she did not have the funds to obtain an abortion elsewhere, she went to the Milwaukee County General Hospital and requested that an abortion be performed. She was refused, a representative of the hospital stating that the hospital did not perform elective abortions.
 
 
 5
 The District Court in its decision and order noted that Jane Doe's pregnancy had been terminated prior to its order, and defendants, in their brief, state that after the entry of the order Victoria Thoms's pregnancy was terminated. Plaintiffs, in adopting defendants' statement of facts, do not dispute the latter contention. The termination of the pregnancies does not moot the case. When the complaint was filed and when the preliminary relief was granted, a live and justiciable controversy existed between the defendants and one of the representatives of the class. Now that the case is on review as a class action, the right of the unnamed members of the class to a determination of the constitutionality of Rule 26(b), which acquired a separate legal status when the District Court concluded that the action could be maintained as a class action, keeps the controversy alive. Sosna v. Iowa,419 U.S. 393, 95 S.Ct. 553, 556-559, 42 L.Ed.2d 532 (1975). The short duration of the first trimester of pregnancy would make litigation and appellate review of the rights asserted in this case impossible, if it were required that the member of the class who serves as its representative be within the first trimester of pregnancy when the complaint is filed, when preliminary relief is granted, and when the case is argued and decided on appeal. See Roe v. Wade, 410 U.S. 113, 124-125, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973).
 
 
 6
 In its decision and order, the District Court defined the class that plaintiffs represent as "all women residents of Milwaukee County who are less than three months' pregnant, who presently desire or will desire in the future to have abortions performed at Milwaukee County General Hospital, who have received doctor's advice to have an abortion performed, and who are presently unable to receive abortions at Milwaukee County General Hospital because of the expressed policies of that hospital concerning 'elective' abortions." The class is so numerous that joinder of all members is impractical, and there is a common question of law, whether the hospital's rule is constitutional. Fed.R.Civ.P. 23(a)(1) and (2). The contentions that the claims of Doe and Thoms are not typical of the claims of members of the class and that therefore Doe and Thoms will not fairly and adequately protect the interests of the class (Fed.R.Civ.P. 23(a)(3) and (4)) are also without merit.
 
 
 7
 The doctor Jane Doe consulted told her to go to the Milwaukee County General Hospital to request an abortion, since she did not have the funds to pay for one herself. Implicit in this recommendation is the doctor's advice to obtain an abortion. Furthermore, the hospital turned her away, not for any medical reasons, but because it did not perform elective abortions. Her need to be examined to determine whether she needed a therapeutic abortion or was physicially able to have an elective abortion at a public hospital gave her the requisite common interest necessary to permit her to adequately represent the class. Her indigency, coupled with the public hospital's refusal even to examine her, frustrated her claimed constitutional right. Jane Doe is a proper representative of the class with an interest and a constitutional claim co-extensive with those of other members of the class. Finally, plaintiff's anonymity does not weaken her ability to represent the class: an anonymous plaintiff, Jane Roe, maintained a class action in Roe v. Wade, supra, 410 U.S. at 120, 124, 93 S.Ct. 705.
 
 
 8
 Victoria Thoms, it is argued, cannot represent the class because although she has a doctor's advice it is advice that she have a "therapeutic abortion." She, nevertheless, was unable to receive an abortion because of the hospital's Rule 26(b), which permitted an abortion only if a pregnancy "is complicated by medical conditions of such nature and advanced to such degree that continuation of pregnancy threatens the life of the mother." The doctor's affidavit gives no indication that Victoria Thoms's life was threatened by the pregnancy. In view of the hospital's narrow definition of therapeutic abortions, Victoria Thoms was, according to the hospital's lexicon, seeking an elective abortion, because she had no indication from her doctor that the pregnancy threatened her life. Furthermore, when Victoria Thoms went to the hospital, she requested an elective abortion and was informed that the hospital did not perform abortions. Victoria Thoms is also a member of the class with a sufficiently common interest fairly and adequately to represent the class.
 
 
 9
 We now turn to the three contentions raised by the defendants.
 
 
 10
 First, defendants argue that since the hospital's policy was promulgated under an enabling state statute, the plaintiffs are attempting to enjoin operation of the statute itself without convening of the three-judge court required by 28 U.S.C. § 2281. The statute, Wis.Stat. § 140.42,[1] reads in its relevant part:
 
 
 11
 "(1) No hospital shall be required to admit any patient or to allow the use of the hospital facilities for the purpose of performing a sterilization procedure or removing a human embryo or fetus."
 
 
 12
 Defendants' argument must fail because plaintiffs do not seek state-wide injunctive relief against the operation of a statute; they seek only to enjoin the enforcement of one hospital's rule. Although the conclusion that the statute is unconstitutional may logically follow from the ruling of the District Court, this result does not mean a three-judge court is required. Our conclusion is supported by McCrimmon v. Daley, 418 F.2d 366, 368-369 (7th Cir. 1969), which held that the granting of injunctive relief against the operation of a city ordinance promulgated under a state enabling statute did not require the convening of a three-judge court.
 
 
 13
 Second, defendants raise Wis.Stat. § 49.19(4)(g) as a defense in this action, arguing that it, rather than the hospital's policy, denies plaintiffs their rights. That section limits aid to pregnant mothers to the period commencing six months prior to the birth of the child. Defendants contend that this limitation of public aid is the real reason that plaintiffs cannot obtain an abortion in the first trimester, and that, therefore, a three-judge court should have been convened to rule on the constitutionality of that section. From the record it is apparent that plaintiffs have never attacked the constitutionality of that section. The availability of an alternative means for women without funds to obtain abortions is not an issue in an action to enjoin the operation of the hospital's abortion policy. This second attempt to interject the constitutionality of a statute into the case to necessitate the convening of a three-judge court must also fail. The District Court correctly refused to consider the issue.
 
 
 14
 Third, defendants argue that both the statute and Rule 26(b) are constitutional, and, therefore, their operation should not be enjoined. All that is before the court now is the review of the District Court's exercise of discretion in granting a preliminary injunction. That court's order enjoins the defendants "from enforcing Rule 26(b), Rules and Regulations of the Medical Staff, Milwaukee County General Hospital, against those women who have a right to abortions and request them . . . ." The order also provides, however, "that those doctors, nurses, and other personnel who work at the Milwaukee County General Hospital and who have moral and religious convictions against the performance of abortions not be forced to perform abortions." We conclude the court did not abuse its discretion.
 
 
 15
 If preliminary relief were denied, members of the plaintiff class would suffer irreparable injury to what the Supreme Court has held is a fundamental right, the right to decide whether to have an abortion being an element of a woman's right to privacy. Roe v. Wade, supra, 410 U.S. at 154-155, 93 S.Ct. 705. Since the failure to enjoin immediately the operation of the hospital's policy would subject members of the plaintiff class to violation of this right, the District Court correctly concluded immediate relief was warranted.
 
 
 16
 The District Court's injunction is narrow enough to avoid unnecessarily injuring or causing inconvenience to the defendants, the hospital, or the hospital's employees. Persons who have moral and religious convictions against abortions are not subjected to the mandatory requirements of the injunction. The defendants are only required to refrain from interfering with performance of abortions by those personnel who do not have such convictions and to permit the use of hospital facilities for performance of abortions by those personnel.
 
 
 17
 Finally, that plaintiffs will succeed ultimately on the merits is probable. Two other Courts of Appeals have already struck down as unconstitutional similar public hospital rules. Doe v. Hale Hospital, 500 F.2d 144 (1st Cir. 1974), cert. denied, --- U.S. ---, 95 S.Ct. 825, 42 L.Ed.2d 837 (1975) (No. 74-289); Nyberg v. City of Virginia, 495 F.2d 1342 (8th Cir. 1974), rehearing and rehearing in banc denied, 495 F.2d 1342 (8th Cir. 1974), cert. denied, 419 U.S. 891, 95 S.Ct. 169, 42 L.Ed.2d 136 (1974). A three-judge district court has held that regulations of a state medical assistance program are unconstitutional because they distinguished between indigent women who choose to carry their pregnancies to birth and those who choose to terminate their pregnancies by abortion. Doe v. Wohlgemuth, 376 F.Supp. 173, 191 (W.D.Pa.1974). Defendants gain no support from Doe v. Bolton, 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973), where the Court, in reviewing the constitutionality of the Georgia abortion statute, left standing a subsection of that statute similar to the enabling statute upon which Rule 26(b) is based. The Court viewed the subsection as intended to "afford appropriate protection to the individual (who has moral or religious objections to abortions) and to the denominational hospital." Id. at 197-198, 93 S.Ct. at 750. Individuals with moral or religious objections to abortions are specifically exempt from the injunction in the present case. The hospital whose regulation is attacked is public, not denominational.
 
 
 18
 Affirmed.
 
 
 
 *
 This opinion was originally filed as an unpublished order under our Circuit Rule 28 on January 30, 1975 and was ordered published as a signed opinion, with revisions of form and style, on March 25, 1975
 
 
 **
 Senior District Judge J. Sam Perry of the Northern District of Illinois is sitting by designation
 
 
 [1]
 Wis.Stat. § 140.42 was originally enacted as L.1973, c. 159 § 1. It was formerly classified as section 140.275, but reclassified to its present section